■ Martha Watts et al., Respondents, v Brian J. Wing, Appellant, et al., Defendant. [765 NYS2d 18] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 5, 2001, which, to the extent appealed from as limited by defendants' brief, granted plaintiffs' motions for class certification and leave to amend the complaint, affirmed, without costs.

In this action for declaratory and related relief, plaintiffs challenge the Statewide Offset Program (*see* Tax Law § 171-f) to the extent that it permits the New York State Department of Taxation and Finance (DTF) to offset a taxpayer's income tax refund by the amount of any debt owed by the taxpayer to the New York State Office of Temporary and Disability Assistance (OTDA). Plaintiffs are taxpayers who allege that defendants, in subjecting them to such offsets, have violated their due process rights to notice and an opportunity to be heard in opposition to the debts upon which the offsets against them have been premised.

In granting plaintiffs' motion for class certification, the motion court properly determined that questions of law and fact common to the proposed class predominate over issues peculiar to individual class members (*cf. Banks v Carroll & Graf Publs.*, 267 AD2d 68 [1999]; *Mitchell v Barrios-Paoli*, 253 AD2d 281 [1999]). As the motion court found, the question of whether OTDA violated the Due Process Clauses of the Constitutions of the United States and New York by certifying debts to DTF without giving plaintiffs adequate notice or a meaningful opportunity to contest the underlying debts is common to all the members of the proposed class.

We agree with the dissent's general proposition that plaintiffs would not be entitled to recover damages to compensate them for their losses resulting from the government's violation of their due process rights if such violation was not the cause of the plaintiffs' losses. In the instant matter, there is no evidence that the alleged loss suffered by plaintiffs would have resulted absent a meaningful opportunity to contest the underlying debt. Nevertheless, to the extent that plaintiffs seek the unconditional return of the offsets plus interest, as indicated by the dissent, each plaintiff, upon being afforded a meaningful

opportunity to contest the debts upon which the offsets are premised, will have to prove his or her individual case.

Although where government operations are concerned stare decisis is generally considered adequate to protect those threatened by governmental overreaching (*see Bryant Ave. Tenants' Assn. v Koch*, 71 NY2d 856, 859 [1988]), here the government operations doctrine has no application to limit plaintiffs' access to class-wide relief since the putative class is composed of those for whom the complained-of harm is not merely prospective but, as alleged, already a fait accompli. Under these circumstances, precedent in an individual plaintiff's favor would be of no assistance to the remaining plaintiffs.

The motion court properly exercised its discretion in granting plaintiffs' motion for leave to amend the complaint since defendants will not be prejudiced by the proposed amendments inasmuch as they do not add new factual allegations (*see* CPLR 3025 [b]; *Bellini v Gersalle*, 120 AD2d 345, 347-348 [1986]). Nor have defendants demonstrated that the proposed amendments are plainly without merit (*cf. Tomczak v Trepel*, 283 AD2d 229 [2001], *lv denied* 96 NY2d 930 [2001]). While plaintiffs' claims are subject to a four-month limitation period (*see Butler v Wing*, 275 AD2d 273, 276 [2000], *lv denied* 95 NY2d 770 [2000]), defendants have made no showing that the claims of the instant plaintiffs, as amended, are not timely. Concur—Andrias, J.P., Ellerin and Lerner, JJ.

Friedman and Marlow, JJ., dissent in part in a memorandum by Friedman, J., as follows: I believe that the order under review should be modified to deny plaintiffs' motion for class certification. The relief sought in this action is the recovery of the tax refunds that were withheld from the named plaintiffs and members of the proposed class on account of their alleged debts to the Office of Temporary and Disability Assistance (OTDA). It is alleged that the procedures the State used to implement the withholding of these refunds violated applicable standards of due process. It is plaintiffs' theory that they and the members of the proposed class will be entitled to recover the refunds based solely on proof that the subject procedures violated their due process rights, without regard to the validity of the underlying debts on which the withholdings were based, and that entitlement to payment of the refunds may therefore be determined on a class-wide basis. Plaintiffs fail, however, to offer any authority to support their theory that proof of a due process violation establishes entitlement to payment of the refund. That theory is, in fact, contrary to precedent of the United States Supreme Court.

In *Carey v Piphus* (435 US 247 [1978]), the Supreme Court held that students suspended from school without due process would not be entitled to recover compensatory damages for injuries caused by the suspensions if the evidence showed that the students would have been suspended even if proper hearings had been held (*id.* at 260). *Carey* stands for the proposition that the fact that the government violated an individual's due process rights does not entitle that individual to compensatory damages for losses resulting from the challenged government action if it appears that the government's action ,was substantively correct, i.e., that the same action would have resulted even without the due process violation.

As applied to this case, the *Carey* doctrine means that, in order to recover his or her tax refund, each member of the proposed class must establish not only that the refund was withheld without due process, but also that the withholding of the refund was based on an invalid claim of debt. As plaintiffs themselves concede, the validity of the underlying debts cannot be determined on a class-wide basis, since such a determination requires inquiry into the particular facts of each individual's case. Although the majority (without support) asserts otherwise, these individual issues plainly will predominate over the class-wide due process issue. Accordingly, class certification is inappropriate under CPLR 901 (a) (2) (*see e.g. Small v Lorillard Tobacco Co.*, 252 AD2d 1, 6-10, 12 [1998], *affd* 94 NY2d 43 [1999]).

In *Mitchell v Barrios-Paoli* (253 AD2d 281 [1999]), a recent case that presented analogous issues, we reversed the grant of class certification due to the predominance of individual issues. *Mitchell* (which the majority does not distinguish) was a putative class action brought by public assistance recipients who alleged that, because they had been given work assignments incompatible with their disabilities, they had been deprived of their benefits without due process. The IAS court granted plaintiffs class certification, but, on appeal by the governmental defendants, this Court modified to deny class certification on the ground that common questions would not predominate over individual ones, as required by CPLR 901 (a) (2). While we acknowledged that the plaintiffs had raised serious questions as to whether the subject program was tainted by systemic procedural defects, we observed that "the fact that wrongs were committed pursuant to a common plan or pattern does not permit invocation of the class action mechanism where the wrongs done were individual in nature or subject to individual defenses" (*id.* at 291). Notably, the fact that the

complaint in *Mitchell* sought declaratory relief concerning common due process issues did not change the fact that class certification was rendered inappropriate by the predominance of the individual issues on which each putative class member's entitlement to resumption of benefits depended.

Here, because issues regarding each class member's indebtedness, or lack of indebtedness, to OTDA will predominate over the common question of the fairness of the now-discontinued procedures, class certification should be denied. Again, it is the individual question of indebtedness—not the class question of due process—that will determine, in each class member's case, whether he or she is entitled to any relief.* Indeed, the majority itself concedes that resolution of the debt question will require a separate factual inquiry for each class member, in which that class member "will have to prove his or her individual case." Since the determination of the validity of each class member's alleged debt will require delving into the particular facts underlying that individual's case, the numerous separate evidentiary hearings contemplated by the majority will plainly overwhelm the class-wide aspects of the litigation. In view of the individual, fact-specific nature of each class member's claim to his or her tax refund, the statutory prerequisite to class certification that "there [be] questions of law or fact common to the class which *predominate* over any questions affecting only individual members" (CPLR 901 [a] [2] [emphasis added]) is not satisfied, notwithstanding the allegation that "wrongs were committed pursuant to a common plan or pattern" (*Mitchell v Barrios-Paoli*, 253 AD2d at 291).

Significantly, plaintiffs' brief does not take the majority's position that CPLR article 9 permits certifying this action for class treatment even if the validity of each alleged debt is at issue. Instead, plaintiffs' brief argues that the refunds may be recovered without determining the validity of the alleged debts if such recovery is subject to OTDA's right to institute future proceedings to collect each class member's alleged debt, i.e., to recover back from the class members the same funds they would have recovered in this action. No precedent is adduced for granting such unusual, reversible relief.

Finally, I believe that the majority misses the mark in stat-

---

* Although proof of a class-wide procedural violation might conceivably warrant class-wide *procedural* relief (such as an order directing OTDA to send a new debt notice to each class member extending a new opportunity to contest the claimed debt administratively), plaintiffs' brief makes it plain that this action seeks only the *substantive* relief of recovery of the withheld tax refunds.

ing that "there is no evidence that the alleged loss suffered by plaintiffs would have resulted absent a meaningful opportunity to contest the underlying debt." Under *Carey v Piphus* and *Mitchell v Barrios-Paoli*, the alleged class-wide due process violation is causally connected to a compensable loss in each particular case only if the underlying alleged debt used to offset the class member's refund was *not* valid. If a given class member's alleged debt was valid, it follows that the due process violation (if any) did not cause that individual any compensable loss, and that he or she is not entitled to a recovery. The majority seems to assume that there must be some "evidence" that would allow us to determine on a class-wide basis whether the individuals involved suffered a compensable loss. Because the validity of each person's alleged debt is an individual question, and even the majority recognizes that the burden of proof in each individual case will rest with the claimant, this assumption is logically flawed.