■ ELAINE J. THOMPSON, Appellant, v MELVIN COOPER et al., Respondents. [806 NYS2d 32]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 9, 2004, which granted defendants' motion to dismiss the amended complaint with prejudice, and to preclude further amendments, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied and the complaint reinstated.

This action, which seeks, inter alia, damages for breach of contract and specific performance, arises out of an alleged agreement pursuant to which defendant Melvin Cooper (Cooper) agreed to transfer to plaintiff Elaine J. Thompson his 55% interest in defendant Frontline Communications International, Inc., as well as his interest in related entities for $11,000, and his Trump Tower Condominium for $9,201. The contract, which was purportedly signed by Cooper, although defendants contend it is a forgery, binds him "and [his] above nominees and alter egos." The contract, under the heading "Seller," delineates defendant's son, David Cooper, and corporate defendants Acme Consolidated, Inc., Emkay Holdings Management, Inc. and "related companies." The contract states that Emkay was the transferee of the condominium.

The original complaint asserts that Cooper failed to perform under the contract and had utilized the various corporate entities and individual defendants to hide his assets from his credi-

tors and parole officer.* In response to defendants' motion to dismiss the complaint, plaintiff submitted an affidavit of Earl Thompson, allegedly plaintiff's brother, who averred that Cooper had made him secretary of each defendant corporation, and had acknowledged that the transferees were "alter egos" which had been set up and maintained haphazardly for the purpose of funneling away Frontline's income. Earl Thompson further asserted that no one kept track of the corporations and that some had been dissolved for nonfilings or nonpayment of taxes.

The motion court granted defendants' motion to dismiss, with leave to replead, as against David Cooper, two other individual defendants, and the corporate defendants other than Frontline. The court, in its decision, set forth the pleading requirements for piercing the corporate veil, found the complaint "had wholly failed to plead the elements of alter ego liability," and concluded that the deficiencies were not remedied by plaintiff's proposed amended complaint.

Plaintiff then moved for leave to replead, and submitted therewith a proposed amended complaint which added allegations concerning the alter ego status of the corporate defendants, as well as piercing the corporate veil of those entities. Defendants opposed the amendment and cross-moved to dismiss, characterizing the proposed amendment as so "unclear, ambiguous, incomprehensible . . . disorderly" that they could not be expected to frame a response. The motion court granted the motion and cross motion *"only* to the extent of directing plaintiff to serve an amended complaint setting forth definitive, nonconclusory causes of actions in one pleading."

Plaintiff subsequently filed a second proposed amended complaint, which added allegations to the alter ego and conspiracy claims against David Cooper and a number of other corporations, including assertions that Cooper used them as his "private checking accounts" and as the instrumentalities of his fraud by placing them as intermediaries between Frontline and its customers and suppliers in order to skim Frontline's profits, and by using David Cooper as a conduit for those frauds. Defendants again moved to dismiss the complaint, alleging that the "new" allegations were still deficient and conclusory. Defendants also requested that the dismissal be with prejudice, and that plaintiff be precluded from filing any further amendments to the complaint.

The motion court, by decision and order entered March 9,

---

* Cooper is alleged to have served two terms in federal prison, the first for seven years, and the second for nine months, although it is unclear what crimes he was convicted of.

2004, granted defendants' motion and dismissed plaintiff's amended complaint with prejudice, for "fail[ing] to set forth definitive, non-conclusory causes of action in one pleading." Plaintiff appeals and we now reverse.

It is settled that leave to amend a pleading "shall be freely given" (CPLR 3025 [b]) in the absence of prejudice or surprise (*Zaid Theatre Corp. v Sona Realty Co.*, 18 AD3d 352, 354-355 [2005]; *Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590, 591 [1990]), although this Court has consistently held that in order to conserve judicial resources, examination of the underlying merit of the proposed amendment is mandated (*Davis & Davis v Morson*, 286 AD2d 584, 585 [2001]; *Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 116 [1998]). Leave will be denied where the proposed pleading fails to state a cause of action, or is palpably insufficient as a matter of law (*Ancrum v St. Barnabas Hosp.*, 301 AD2d 474, 475 [2003]; *Davis & Davis v Morson*, 286 AD2d at 585).

Initially, we reject plaintiff's argument that the doctrine of law of the case precluded the motion court from dismissing the second amended complaint in its entirety. While the motion court's orders prior to the order now before us clearly indicate that the alter ego and conspiracy allegations were deficient, and implicitly held that the claims interposed against Cooper and Frontline were properly stated, the doctrine of law of the case applies only to legal determinations resolved on the merits (*see Hass & Gottlieb v Sook Hi Lee*, 11 AD3d 230, 231-232 [2004]; *Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]). Since the original complaint was superseded by the amended complaints, the sufficiency of the allegations in the earlier complaints is rendered academic (*Gay v Farella*, 5 AD3d 540, 541 [2004]; *Titus v Titus*, 275 AD2d 409, 410 [2000]).

We do find, however, that not only are the allegations set forth in the proposed amended complaint against Cooper and Frontline sufficient to sustain the causes of action asserted against them, but also that the alter ego and conspiracy claims should not have been dismissed. The claims against the "alter egos" denominated as such in the purported contract should not have been dismissed as that document, annexed with the original complaint, must be presumed valid until such time that it is proven otherwise. Moreover, the complaint sufficiently sets forth that the defendant corporations were dominated and controlled by Cooper, lacked separate existence, and were merely passive receptacles for his diversion of funds. Finally, the assertions that David Cooper acted as a conduit for his father and his various schemes are sufficient for pleading purposes as, at this

procedural juncture, the standard is much less exacting than on a motion for summary judgment (*Aetna Cas. & Sur. Co. v LFO Constr. Corp.*, 207 AD2d 274, 277 [1994]; *Baskin & Sears v Lyons*, 188 AD2d 307, 308 [1992]). Concur—Saxe, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.