■ ABRAM SABO, as Shareholder of CANDERO REALTY CORP., Appellant, v ALAN B. BRILL, P.C., et al., Respondents, et al., Defendant. [808 NYS2d 194]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 8, 2004, which granted defendant First Nationwide's motion for summary judgment dismissing the

complaint against it; and order, same court and Justice, entered November 9, 2004, which granted defendant Brill's motion to dismiss the complaint against it, based on documentary evidence and failure to state a cause of action, and denied plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, with separate bills of costs.

Where a title insurer or its agent contracts to prepare an abstract, its liability for damages resulting from negligent performance or errors in or omissions from the prepared abstract, in the absence of fraud or collusion, extends solely to the person who contracted for such services (*Calamari v Grace*, 98 AD2d 74 [1983]). There was no evidence of fraud, collusion or other special circumstances here.

Plaintiff also failed to plead—sufficient to defeat a dismissal motion—factual allegations of legal malpractice, e.g., that the attorney failed to exercise the ordinary, reasonable skill and knowledge commonly possessed by a member of the legal profession, and that such breach of duty was the cause of plaintiff's actual damages (*see McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]). There was no evidence or taint of fraud apparent from the Consent of Shareholders and Directors sworn to by the client, which normally would have required further investigation.

"Although permission to amend should ordinarily be freely granted (CPLR 3025 [b]), the movant must make some evidentiary showing that the proposed amendment has arguable merit" (*Helene-Harrisson Corp. v Moneyline Networks*, 6 AD3d 151 [2004]). Here, the proposed fraud claim was duplicative of the legal malpractice claim since it was not based on an allegation of independent, intentionally tortious content (*see LaBrake v Enzien*, 167 AD2d 709 [1990]). The proposed claim against the title abstractor based on a theory that plaintiff was a third-party beneficiary must also fail in the absence of a showing of fraud or collusion (*see Calamari*, 98 AD2d at 80).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Andrias, Marlow, Gonzalez and Sweeny, JJ.