■ In the Matter of ASEM ELDAGHAR, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [824 NYS2d 268]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 22, 2006, which denied respondents' cross motion to dismiss this proceeding as barred by the statute of limitations, unanimously reversed, on the law, without costs, the cross motion granted and the proceeding dismissed.

This is a proceeding to challenge respondents' refusal to rein-

state petitioner to his former position with the Housing Authority (NYCHA). A CPLR article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "A challenged determination is final and binding when it 'has its impact' upon the petitioner who is thereby aggrieved" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]), e.g., when a request for reinstatement is unequivocally denied (*Matter of Drake v Reuter*, 27 AD3d 736 [2006]). A request for reconsideration of an administrative determination will not extend the four-month limitations period (*Matter of De Milio v Borghard*, 55 NY2d 216, 220 [1982]). Where, however, an agency holds a new hearing at which new testimony is taken, new evidence is proffered and new matters are considered, or reconsideration of the matter appears to be on a fresh look at the merits, the statutory period within which to commence a review proceeding is renewed (*Chase v Board of Educ. of Roxbury Cent. School Dist.*, 188 AD2d 192, 197 [1993]).

Petitioner's claim accrued when he received NYCHA's letter of March 19, 2002, which unequivocally informed him that "after careful consideration," NYCHA decided not to grant his request for reinstatement to his former title of assistant architect. This denial did not invite petitioner to reapply at a later date or suggest in any way that the denial was due to a lack of vacancy. NYCHA's subsequent denials merely referenced this original denial, and there was no new determination to be challenged by way of an article 78 proceeding, since those denials did not "constitute the sort of 'fresh, complete and unlimited examination into the merits' as would suffice to revive the Statute of Limitations" (*Raykowski v New York City Dept. of Transp.*, 259 AD2d 367, 367 [1999] [citation omitted]). In this regard, it is noted that the petition sought reinstatement effective as of the date of petitioner's initial request.

While the city Personnel Rules and Regulations set forth a time limit for reinstatement of one to four years from the date of resignation or retirement (55 RCNY Appendix A, § 6.2.3), they do not expressly provide for successive reinstatement applications to be judged by the agency anew, based on what the article 78 court viewed as "potentially changed circumstances as to vacancies at NYCHA." The absence of language in the Regulations expressly limiting the number of reinstatement requests that may be made does not offer any basis for departing from the principle that an employee still has only four months in which to challenge a determination on a request for reinstatement. The fact that there may have been new vacan-

cies at NYCHA did not constitute an invitation by the agency for a new application for reinstatement (*see generally Matter of Davis v Kingsbury*, 30 AD2d 944, 945 [1968], *affd* 27 NY2d 567 [1970]). Concur—Saxe, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.