■ In the Matter of ROMEO BALOY, Appellant, v RAYMOND KELLY, Respondent. [938 NYS2d 430]—

When petitioner retired on July 28, 2006, he had not obtained the good guy letter that is required to obtain the subject pistol license. In August 2006, the New York City Police Department (NYPD) advised petitioner's wife in writing that his application for the license would be denied because, at the time of petitioner's retirement, he was on restrictive duty and ineligible to possess firearms. This letter was a "final and binding" determination and petitioner knew or should have known that he was "aggrieved" by it; accordingly, the four-month statute of limitations began to run, at the latest, upon receipt of the letter (CPLR 217 [1]; *see also Matter of O'Neill v Schechter*, 5 NY2d 548, 554 [1959]). The court correctly found that the letter dated April 24, 2009 from petitioner's attorney was a request for reconsideration of the agency's determination, and thus did not extend the statute of limitations (*see Matter of Eldaghar v New York City Hous. Auth.*, 34 AD3d 326, 327 [2006], *lv denied* 8 NY3d 804 [2007]). Further, because the letter dated May 6, 2009 from the NYPD reiterated that petitioner did not obtain a good guy letter upon retirement because of his restricted duty status, it was not a "new determination" that would suffice to revive the statute of limitations (*id.*).

The possibility of obtaining administrative relief had been exhausted when petitioner retired without a change in his restricted duty status (*see Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]). Concur—Tom, J.P., Andrias, Catterson, Richter and Abdus-Salaam, JJ. [Prior Case History: 28 Misc 3d 1228(A), 2010 NY Slip Op 51529(U).]