OPINION OF THE COURT
Lucy Billings, J.
I. Background
This proceeding pursuant to CPLR article 78 seeks to annul the March 2009 determination by the New York City Department of Housing Preservation and Development (HPD) terminating petitioner’s federal rent subsidy due to her failure to recertify her eligibility. Petitioner claims HPD’s determination was arbitrary and contrary to law. (CPLR 7803 [3].)
Petitioner alleges that she suffers from major depressive disorder, recurrent and severe with psychotic features, which caused her to ignore her mail. Therefore petitioner did not learn of her noncompliance with the recertification requirement, nor did she respond to the termination notice mailed to her by HPD informing her of her right to request a hearing to appeal HPD’s determination within 21 days.
In 2011, upon learning of the termination, petitioner submitted a written request to HPD that it reinstate her subsidy on the grounds that her emotional and psychological conditions, which she set forth in detail, prevented her from complying with HPD’s procedures for continuing participation in the subsidy program. In a response dated June 30, 2011, HPD declined to restore petitioner’s subsidy, citing her failure to *205 submit the required 2009 recertification or to seek review of the termination by requesting an informal hearing within the prescribed 21 days.
Petitioner now moves to amend her petition to allege new legal claims based on the same facts set forth in the petition and summarized above. (CPLR 3025 [b]; 7804 [d].) As the new claims are against only respondent Commissioner of HPD, only he opposes petitioner’s motion. The only other respondent, petitioner’s landlord, takes no position regarding her motion.
II. Standards for Amending the Petition
CPLR 3025 (b) permits amendments to a petition as long as they do not unfairly surprise or otherwise substantially prejudice respondents (Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [1st Dept 2011]; Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 655 [1st Dept 2009]; Thompson v Cooper, 24 AD3d 203, 205 [1st Dept 2005]; Zaid Theatre Corp. v Sona Realty Co., 18 AD3d 352, 354-355 [1st Dept 2005]) and the proposed claims for relief, as alleged, are meritorious. (Sabo v Alan B. Brill, P.C., 25 AD3d 420, 421 [1st Dept 2006]; Thompson v Cooper, 24 AD3d at 205; Zaid Theatre Corp. v Sona Realty Co., 18 AD3d at 355; Watts v Wing, 308 AD2d 391, 392 [1st Dept 2003].) Petitioner bears the burden to demonstrate the merits of her proposed relief through admissible evidence. (Zaid Theatre Corp. v Sona Realty Co., 18 AD3d at 355; Pacheco v Fifteen Twenty Seven Assoc., 275 AD2d 282, 284 [1st Dept 2000]; Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 116 [1st Dept 1998]; see Sepulveda v Dayal, 70 AD3d 420, 421 [1st Dept 2010]; Spence v Bear Stearns & Co., 264 AD2d 601, 602 [1st Dept 1999].)
III. The Merits of the Proposed Relief
A. The Original Petition’s Timeliness
Petitioner was required to commence this proceeding within four months after the determination to be reviewed became final and binding. (CPLR 217 [1]; Matter of Yarbough v Franco, 95 NY2d 342, 346 [2000].) The challenged determination became final and binding when it had an impact on petitioner and she knew she was aggrieved by it. (Matter of Baloy v Kelly, 92 AD3d 521, 522 [1st Dept 2012]; Matter of Eldaghar v New York City Hous. Auth., 34 AD3d 326, 327 [1st Dept 2006].)
An administrative determination that is final for the purpose of implementation, however, is not necessarily final for the purpose of judicial review. (Yarbough v Franco, 95 NY2d at 346.) *206 Petitioner claims her failure to comply with HPD’s recertification procedure and to request administrative review of HPD’s determination, which terminated her entitlement to rental assistance, amounts to a default since no factual record establishes her excuse for failing to recertify or a potential defense to the termination. (See id. at 347.) Where no factual record sets forth the reasons for the nonappearance or any meritorious defenses by the defaulting party, judicial review of the default itself is meaningless. (Id.)
Petitioner’s request to HPD seeking to vacate her default and reinstate her subsidy provided facts regarding her disability not previously raised, explaining the reasons for her default, and offering justification for reinstating her subsidy. Her request thus created a new record on which HPD acted by denying any reopening or reinstatement. (Id. at 347-348.) That unequivocal denial by HPD on June 30, 2011, of petitioner’s request to vacate her default, constituted a new final and binding determination for the purpose of judicial review (id.) and from which the statute of limitations period is measured. (Id. at 346-347; Baloy v Kelly, 92 AD3d at 522.) Therefore petitioner’s commencement of this proceeding on October 27, 2011, was timely. (CPLR 217 [1].)
B. Leave to Add Petitioner’s Second and Third Claims for Relief
Petitioner’s proposed amended petition includes no new facts, but only new legal claims in addition to her original claim for relief. Her proposed second claim for relief contends that HPD’s Administrative Plan fails to include a procedure for seeking vacatur of a determination made upon a default, in violation of the due process requirements of the Fourteenth Amendment to the United States Constitution.
The fundamental requirements of due process are notice reasonably calculated to apprise an interested party of the action against her and the opportunity to be heard. (Matter of Prue v Hunt, 78 NY2d 364, 369 [1991]; California Suites, Inc. v Russo Demolition Inc., 98 AD3d 144, 151 [1st Dept 2012]; Matter of Toolasprashad v Kelly, 80 AD3d 530, 531 [1st Dept 2011].) Constitutional due process requirements apply to administrative proceedings (Wolfe v Kelly, 79 AD3d 406 [1st Dept 2010]) and must be met before a determination on default may be rendered. (Matter of Wilner v Beddoe, 33 Misc 3d 900, 918 [Sup Ct, NY County 2011], affd as mod 102 AD3d 582 [1st Dept 2013]; Matter of County of Clinton [Bouchard], 29 AD3d 79, 82-83 [3d Dept 2006].)
*207 Petitioner’s claim that HPD failed to provide an administrative procedure for a subsidy program participant to vacate or otherwise be relieved of a determination to terminate the subsidy lacks merit. Pursuant to HPD’s Administrative Plan, upon a participant’s failure to submit information for recertification, HPD sends a pre-termination notice notifying the participant of her noncompliance and of the opportunity, within 15 days, to request a conference with HPD to discuss her eligibility or to submit the requisite recertification documentation. If the participant fails to respond or inadequately responds, HPD sends a termination notice to notify her of its decision to terminate the subsidy. (Aff of Yungbi A. Jang, exhibit B, Administrative Plan, ch 13.) The termination notice further notifies the participant of HPD’s procedure allowing the non-compliant participant to appeal HPD’s determination by requesting an informal hearing in writing within 21 calendar days after the date printed on the termination notice. This hearing provides the non-compliant participant the opportunity to seek a vacatur of her initial default. Unless the participant seeks an appeal of the termination within the prescribed period, HPD’s determination is final and binding.
Petitioner’s default and failure to avail herself of HPD’s appeal procedure providing for an informal hearing, because she did not open the mail, have no bearing on the adequacy of HPD’s termination procedure. Petitioner points to no deficiencies in HPD’s method of providing notice “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections” as required by due process. (California Suites, Inc. v Russo Demolition Inc., 98 AD3d at 150, quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950].) Nor does petitioner raise any issue regarding the adequacy of the period allotted to request an appeal of HPD’s determination. Finally, HPD’s refusal to grant petitioner’s request to reinstate her subsidy, based on her failure to appeal HPD’s determination, does not implicate a constitutional claim, as the denial itself or its substantive basis is not a violation of procedural due process.
Because petitioner fails to demonstrate a meritorious claim, the court denies her leave to amend the petition to add the second claim for relief. (Sabo v Alan B. Brill, P.C., 25 AD3d at 421; Thompson v Cooper, 24 AD3d at 205; Zaid Theatre Corp. v Sona Realty Co., 18 AD3d at 355; Watts v Wing, 308 AD2d at *208 392.) Petitioner’s proposed third claim for relief seeks a declaration that HPD’s procedure violates constitutional due process and, as a consequence, the reinstatement of petitioner’s subsidy. Because the viability of the proposed third claim for relief rests entirely on the proposed second claim’s merit, absent its merit, the court also denies petitioner leave to add the third claim.
C. Leave to Add the Fourth Claim for Relief
The proposed fourth claim for relief contends that petitioner’s debilitating mental health conditions impair her ability to function, and HPD’s refusal to provide a reasonable accommodation constitutes unlawful discrimination under the Federal Fair Housing Amendments Act of 1988 (FHAA), the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL). Petitioner alleges a potentially meritorious claim against HPD under the FHAA, which requires reasonable accommodations in rules, policies, practices, or services necessary to afford a person suffering from disability equal opportunity to use and enjoy a dwelling. (42 USC § 3604 [f] [3] [B].) It is unlawful to discriminate or “otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap.” (42 USC § 3604 [f] [1].) Petitioner alleges a qualifying handicap, defined as “a physical or mental impairment which substantially limits one or more of [a] person’s major life activities.” (42 USC § 3602 [h] [1].) These provisions may apply to HPD insofar as HPD’s failure to accommodate petitioner’s handicap in its refusal to reinstate her assistance rendered a dwelling unavailable to petitioner, who relies on the subsidy administered by HPD for her housing. (See Regional Economic Community Action Program, Inc. v City of Middletown, 294 F3d 35, 45-46 [2d Cir 2002]; Forest City Daly Hous., Inc. v Town of N. Hempstead, 175 F3d 144, 151 [2d Cir 1999].)
HPD cited petitioner’s default and failure to invoke HPD’s appeal procedure as its reasons for declining to vacate its determination, but did not address the accommodation needed for her disability raised by petitioner and constituting her defense to the termination. Federal law requires HPD, once notified, to take petitioner’s disability into consideration in its decision to deny her request to vacate her default as a reasonable accommodation for her disability. (See Matter of Chapman v 2 King St. Apts. Corp., 8 Misc 3d 1026[A], 2005 NY Slip Op 51294[U], *9-10 [Sup Ct, NY County 2005]; Tsombanidis v West Haven Fire Dept., 352 F3d 565, 578 [2d Cir 2003].)
*209 The NYSHRL and NYCHRL prohibit discrimination in policies or practices by specified places and providers of employment, public accommodation, and housing. (Executive Law § 296 [2-a]; Administrative Code of City of NY § 8-107 [4]; Levin v Yeshiva Univ., 96 NY2d 484, 489 [2001].) Petitioner has not demonstrated that a governmental agency that only administers financial rental assistance, but does not provide housing or a public accommodation, is nonetheless considered a provider of housing or public accommodation under either the State or the City Human Rights Law. Therefore she fails to establish a sufficiently meritorious claim against respondent Commissioner of HPD for violation of the NYSHRL or NYCHRL to permit her amendment to the petition to include such a claim. (Sabo v Alan B. Brill, P.C., 25 AD3d at 421; Thompson v Cooper, 24 AD3d at 205; Zaid Theatre Corp. v Sona Realty Co., 18 AD3d at 355; Watts v Wing, 308 AD2d at 392.)
IV The Absence of Prejudice to Respondent Commissioner of HPD
Insofar as petitioner may have delayed in seeking to add the proposed claims for relief, delay alone, without prejudice to respondents, does not bar the amendments. (Kocourek v Booz Allen Hamilton Inc., 85 AD3d at 504; Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d at 655; Zaid Theatre Corp. v Sona Realty Co., 18 AD3d at 354-355.) Because petitioner presents no new facts in support of her proposed amendments, they cause no surprise that would inhibit HPD’s defense. Respondent Commissioner of HPD articulates no specific prejudice, nor does the court discern any. HPD will have a full opportunity to contest any permissible proposed claims for relief through an answer or a motion to dismiss these claims.
V Disposition
For the reasons set forth above, the court grants petitioner’s motion to amend the petition insofar as the motion seeks to add her proposed fourth claim for relief and only insofar as it claims a violation of the Federal Fair Housing Amendments Act of 1988 (42 USC § 3604 [f]), and otherwise denies her motion. (CPLR 3025 [b]; 7804 [d].) Within 20 days after the entry of this order, petitioner may serve and file an amended petition adding this claim only and may set a hearing on the amended petition at 71 Thomas Street, Room 204, New York County, by a notice of the amended petition or by an order to show cause. The hearing date shall allow respondents to serve any answer or motion responsive to the amended petition within 20 days af *210 ter service of the amended petition. (See CPLR 3012 [a]; 3025 [d]; 7804 [c].) Petitioner shall serve any reply to an answer or opposition to a motion within 20 days after service of the answer or motion. (See CPLR 3012 [a]; 7804 [c], [d].)
Upon service of the amended petition, respondent Commissioner’s prior motion to dismiss the original petition on the grounds that petitioner failed to exhaust her administrative remedies and that the petition is barred by the statute of limitations will be moot. Therefore the court denies that motion without prejudice to either a motion to dismiss the amended petition or, if petitioner serves none, a motion to restore the prior motion to dismiss the original petition.