■ FRANCES C. PETERS, Appellant, v GEORGE CHRISTY PETERS et al., Respondents. [987 NYS2d 168]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about November 23, 2012, which granted defendants' motion to quash plaintiff's nonparty subpoenas to the extent of quashing the subpoenas served on Colonial Navigation Company Inc. (Colonial) and Cardillo & Corbett, Esqs. and limiting the subpoena served on Newman & Cahn, LLP, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion denied.

The amended complaint sets forth allegations of conversion with respect to the purchase of a ship known as the M/V Athena, the principal asset of nonparty Sea Trade Maritime Corporation. It is alleged in the amended complaint that Colonial was the managing agent of the Athena. According to the deposition of defendant George Christy Peters, the two law firms mentioned

above were the attorneys for Sea Trade. In light of the foregoing, it has been demonstrated that the discovery sought by way of the subject subpoenas is "material and necessary" under CPLR 3101 (a) (4) insofar as it is relevant to the prosecution of plaintiff's claims (*see Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]). Accordingly, the motion court abused its discretion in granting the motion.

We reject defendants' argument that the doctrine of law of the case calls for a different result. Here, defendants erroneously rely on a prior order dismissing certain claims set forth in the original complaint for failure to state a cause of action. Because the original complaint was superseded by the amended complaint, the sufficiency of the allegations in the earlier complaint is rendered academic (*Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]). Defendants' assertion that plaintiff's claims lack merit is equally unavailing for purposes of the instant discovery motion. Concur—Tom, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.