■ HARTSKO FINANCIAL SERVICES, LLC, Appellant, v JPMORGAN CHASE BANK, N.A., Respondent. [999 NYS2d 740]—Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered August 5, 2013, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the first cause of action pursuant to CPLR 3211 (a) (1) and (7), and denied plaintiff's motion for leave to amend, unanimously affirmed, without costs.

Whether the first cause of action is denominated negligence or gross negligence, it was correctly dismissed because defendant had no duty to plaintiff independent of the contract formed when the account was opened (*Stella Flour & Feed Corp. v National City Bank of N.Y.*, 285 App Div 182 [1st Dept 1954], *affd* 308 NY 1023 [1955]).

Plaintiff is correct that the motion court should not have denied its request for leave to amend on the ground that the request was belated (*see e.g. Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [1st Dept 2007]). However, denial was proper because plaintiff failed to demonstrate that it has a tort claim independent of a contract claim (*see e.g. Sabo v Alan B. Brill, P.C.*, 25 AD3d 420 [1st Dept 2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHENEE GAUSE, Appellant. [999 NYS2d 741]—Judgment, Supreme Court, New York County (Larry Stephen, J.), rendered on or about November 14, 2012, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.