Matter of Jones v O'Neill (2021 NY Slip Op 05167)





Matter of Jones v O'Neill


2021 NY Slip Op 05167


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 101447/19 Appeal No. 14242 Case No. 2020-03406 

[*1]In the Matter of Fred Jones, Petitioner-Appellant,
v
James P. O'Neill, as Police Commissioner of the City of New York, et al., Respondents-Respondents.


The Law Office of RenÉ Myatt, PLLC, Hollis (RenÉ Myatt of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered on or about June 10, 2020, denying the petition seeking to annul respondents' determination, dated May 31, 2018, to issue petitioner a retirement identification card containing the words "no firearms" and declining to issue a "good guy" letter authorizing petitioner to carry firearms upon retirement, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents reached a final and binding determination on May 31, 2018, the date on which petitioner retired from the New York City Police Department on modified status. On that date, respondents issued petitioner a retirement identification card bearing the words "no firearms" and declined to provide a good guy letter, which was necessary for petitioner to obtain a firearms license. Therefore, the possibility of obtaining administrative relief was exhausted when petitioner retired without a change in his modified status (see Matter of Baloy v Kelly, 92 AD3d 521, 522 [1st Dept 2012]). Accordingly, the four-month statute of limitations began to run on May 31, 2018, and the petition, filed in September 2019, was untimely (CPLR 217[1]).
The court also correctly determined that petitioner's postretirement letter was merely a request for reconsideration of the agency's determination, and thus did not extend the statute of limitations (see Baloy, 92 AD3d at 522).
In any event, respondents' determination was not arbitrary. Under NYPD policy, it is respondents' practice to issue identification cards and decline to issue good guy letters where, as here, an officer retires without firearms privileges (see Giraldez v Bratton, 215 AD2d 210, 210 [1st Dept 1995]). Petitioner took no action before his retirement to change his status.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021