Matter of MacPherson v O'Neill (2022 NY Slip Op 00356)





Matter of MacPherson v O'Neill


2022 NY Slip Op 00356


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Index No. 160147/19 Appeal No. 15119 Case No. 2021-01596 

[*1]In the Matter of Alan C. MacPherson, Petitioner-Appellant,
v
James P. O'Neill, as Police Commissioner of the City of New York, et al., Respondents-Respondents.


Law Office of John A. Scola, PLLC, New York (John A. Scola of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondents.



Judgment, Supreme Court, New York County (Eileen Rakower, J.), entered on or about September 22, 2020, denying the petition to vacate respondents' June 19, 2019 denial of petitioner's application for a retired officer pistol license, to direct respondents to grant petitioner's application for a retiree pistol license, and to direct that the "no firearms" endorsement on petitioner's retired police officer identification card be expunged, and dismissing the proceeding brought under CPLR article 78, unanimously affirmed, without costs.
When petitioner retired from the New York City Police Department (NYPD) on June 30, 2009, respondents issued him a retiree identification card that was stamped "no firearms." Furthermore, respondents declined to give petitioner a certificate of service, also known as a "good guy letter," without which petitioner was not authorized to obtain a retired officer handgun license. As a result, when petitioner applied in 2018 to the NYPD License Division for a retired officer's pistol license, the application was denied on the basis that he had failed to supply a good guy letter.
The four-month limitations period to challenge the NYPD's decision not to issue a good guy letter began on the effective date of petitioner's retirement on June 30, 2009, not after his gun license application was disapproved in 2018 (CPLR 217[1]; see Matter of Jones v O'Neill, 197 AD3d 1067, 1068 [1st Dept 2021]). Therefore, the petition, filed in 2019, was untimely. Similarly, petitioner's claim that the NYPD's denial of his application constituted discrimination based on his alleged disability is time-barred (Administrative Code of City of NY § 8-502[d]; see McPartlan-Hurson v Westchester Community College, 804 Fed Appx 41, 43 [2d Cir 2020]).
In any event, respondents' determination was not arbitrary and capricious (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Section 205-44 of the NYPD Patrol Guide sets forth the procedure for a retiring police officer to obtain a retired police officer handgun license; that procedure requires, among other things, a good guy letter. That petitioner failed to submit the good guy letter, and that petitioner's NYPD identification card was marked "no firearms," provided the NYPD License Division with a rational basis to determine that good cause existed for the denial of petitioner's retiree officer handgun license application.
Because the issuance of this license was a matter of discretion, no hearing was required (see Testwell, Inc. v New York City Dept. of Bldgs., 80 AD3d 266, 274 [1st Dept 2010]). Moreover, petitioner's admission in a 2018 letter to the NYPD stating he was denied a good guy letter when he retired contradicts his contention on appeal that the NYPD lost or destroyed his good guy letter.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022