Matter of Park off Broadway, LLC v New York City Water Bd. (2024 NY Slip Op 00937)

Matter of Park off Broadway, LLC v New York City Water Bd.

2024 NY Slip Op 00937

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 156387/21 Appeal No. 1720 Case No. 2023-00456 

[*1]In the Matter of Park Off Broadway, LLC, Petitioner-Respondent,
v
New York City Water Board et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for appellants.
Wrobel Markham LLP, New York (David C. Wrobel of counsel), for respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered April 5, 2022, which denied respondents' cross-motion to dismiss the petition seeking, among other things, a reduction in water billing charges, as time-barred pursuant to CPLR 3211(a)(5) and CPLR 217(1), unanimously reversed, on the law, without costs, the cross-motion granted, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Petitioner's article 78 petition challenging its water bill must be dismissed as untimely because it was filed more than four months after the New York City Water Board's final determination (see CPLR 217[1]). The Board's July 31, 2020 letter was the final agency determination of petitioner's billing dispute. The letter's statement that it was "the final review of this billing dispute" put petitioner "on notice that all administrative appeals ha[d] been exhausted" (Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270 [2000]). This notice was consistent with the regulations in the Board's Rate Schedule describing its three-step appeals process culminating in a "final appeal" to the Executive Director of the Board.
Petitioner's subsequent communications with respondents requested reconsideration of the same billing charges already finally determined in the Board's July 31, 2020 letter, notwithstanding petitioner's efforts to characterize the ongoing dispute as a "new case." Because petitioner's letters after July 2020 were "request[s] for reconsideration of an administrative determination," they did "not extend the four-month limitations period" (Matter of Eldaghar v New York City Hous. Auth., 34 AD3d 326, 327 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
That a factual issue about the size of petitioner's meter line was neither raised nor addressed during his administrative appeal does not make the Board's determination any less final, nor does it entitle petitioner to a successive appeal with a new statute of limitations. Because respondents' "subsequent denials" of petitioner's requests for reconsideration "merely referenced [the] original denial" and did not include "a fresh [look into] the merits," the statutory period did not renew (id.). Respondents' letters referenced the size of petitioner's unmetered sprinkler line, so petitioner had an opportunity to timely raise the size issue during the administrative appeal.
Petitioner's reliance on an unrelated dispute in which an official from the Department of Environmental Protection agreed to treat a request for reconsideration of a billing dispute based on new facts as a new complaint is unavailing, as the facts of that case are not part of the administrative record (see Matter of Quinones v New York City Hous. Auth., 99 AD3d 473, 474 [1st Dept 2012]).
Petitioner's efforts to argue on the merits that respondents' affirmance of his bill based on an allegedly incorrect meter measurement was arbitrary are also unavailing, as "the dismissal [*2]of petitions for some . . . otherwise meritorious claims . . . is inherent in any limitations period" (Matter of Banos v Rhea, 25 NY3d 266, 280 [2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024