## Peck v Milbank LLP

### 2025 NY Slip Op 30180(U)

### January 17, 2025

### Supreme Court, New York County

### Docket Number: Index No. 152290/2022

### Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-------------------------------------------------------------------------------X

IAN PECK, STUBBS HOLDINGS, LLC,

                                   Plaintiff,

                         - v -

MILBANK LLP, MILBANK, TWEED, HADLEY & MCCLOY, LLP, GEORGIANA J. SLADE

                                   Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152290/2022 |
| **MOTION DATE** | 10/01/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 116, 117, 118, 120, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 145, 146, 147

were read on this motion to/for                 AMEND CAPTION/PLEADINGS            .

Upon the foregoing documents and for the reasons set forth below, Ian Peck and Stubbs Holdings, LLC (collectively, **Ian Peck**)'s motion for leave to file a second amended complaint (the **SAC**; NYSCEF Doc. No. 123) is DENIED.

Reference is made to a prior Decision and Order of this Court, dated July 29, 2024 (the **Prior Decision**; NYSCEF Doc. No. 107).  The facts of this case are set forth in the Prior Decision, and familiarity is presumed.  Pursuant to the Prior Decision, the Court granted Milbank LLP, Milbank, Tweed, Hadley & Mccloy, LLP (collectively, **Milbank**)'s and Georgiana Slade's motion to dismiss (Mtn. Seq. No. 002) as to Ian Peck's claims sounding in fraud and breach of fiduciary duty and denied dismissal as to the claim sounding in violation of Judiciary Law § 487. The Court held that Ian Peck failed to state a cause of action for breach of fiduciary duty because "the FAC does not adequately identify statements or omissions to the Trustee when a duty was owed" (*id.* at 9).  Significantly, the Court dismissed the fraud and breach of fiduciary duty claims

152290/2022   PECK, IAN ET AL vs. MILBANK LLP ET AL
Motion No.  004

Page 1 of 6

[* 1]

without prejudice because Liliane Peck (the **Trustee**) had not yet been deposed, and the deposition might have potentially formed the basis for the claims (*id.*).

Now, Ian Peck seeks leave to file the SAC reasserting his claim sounding in breach of fiduciary duty. As discussed below, the Trustee's deposition does not however form a basis for reasserting this claim and the SAC continues to fail to state a claim. Thus, the motion is denied.

Ian Peck argues, in sum and substance, that Ms. Slade is liable for breach of fiduciary duty as a fiduciary to Ian Peck's fiduciary, the Trustee, because Ms. Slade's failed to disclose an alleged conflicts of interest based on certain investments that her father had with Norman Peck when the Trustee made certain decisions and received certain advice. But, the Trustee knew of Ms. Slade's father's investments and considered them de minimus and immaterial and testified in sum and substance that Ms. Slade did not influence her allocation decisions.

Pursuant to CPLR § 3025(b), leave to amend shall be freely given, and absent surprise or prejudice, leave should be denied only where "the proposed pleading fails to state a cause of action, or is palpably insufficient as a matter of law" (*Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]; *Linares v City of New York*, 2024 NY Slip Op 06156 [1st Dept 2024]).

To plead a cause of action for breach of fiduciary duty, a plaintiff must allege (i) that a fiduciary duty existed, and (ii) that the defendant breached that duty (*McKenna v Singer*, 2017 WL 3500241, at * 15 [Del Ch Ct 2017]).

152290/2022   PECK, IAN ET AL vs. MILBANK LLP ET AL
   Motion No.  004

Page 2 of 6

2 of 6

The proposed SAC alleges that Ms. Slade and Milbank played a significant role in the handling of the Note Cases before the Surrogate's Court:

100. The full extent of Slade's involvement in the Note Cases has been the subject of recent depositions and will be the subject of further discovery.

101. Redacted Milbank billing statements for the period May 2016 through 2018 reflect dozens of time entries by Slade and other Milbank lawyers on a virtually weekly basis reflecting conferences with John Morken or Eric Penzer of Farrell Fritz. The substance of those conferences has been redacted from the bills and testimony about those conferences has been objected to on attorney-client and work product grounds.

102. But Slade herself testified that Farrel Fritz "generally represented Liliane Peck in the litigation. . . any litigation that-- 1404 depositions, discovery and that litigation, as well as they filed and prosecuted the notes cases." The conferences must have been about the Note cases and related issues—if this part of Slade's testimony is taken as true.

103. Slade also testified that Slade was aware that the Note Cases might be filed, that Milbank "may have" or "it is possible" that Milbank was asked to "comment" on the draft pleadings ("I don't fully recall"), and that Farrell Fritz would reach out to us from time to time and have discussions about what they might be working on and ask us questions." Slade therefore must have known that the Note Cases parroted accusations against Ian which Slade had come to believe were true.

104. The redacted billing statements also reflect conferences between Slade and Liliane either with Farrel Fritz or in separate conferences contemporaneous to conferences with Farrel Fritz. Slade therefore must have had conferences with Liliane in which she rendered advice about the Note Cases and should have had conferences about the risk to Liliane is she pursued collection.

105. Thus, a reasonable inference can be made that Slade and Milbank played a significant and continuous role in the prosecution of the Note Cases through at least 2018.

(NYSCEF Doc. No. 123 ¶¶ 100-105). However, these new allegations do not allege an act or omission that is separate and apart from the statements and omissions to the tribunal that underpin the Judiciary Law claim. As such, these proposed amendments would not remedy the deficiencies in the first amended complaint as to the breach of fiduciary duty claim.

152290/2022  PECK, IAN ET AL vs. MILBANK LLP ET AL                                  Page 3 of 6
  Motion No.  004

3 of 6

[* 3]

In addition, the proposed SAC alleges that Ms. Slade and Milbank used their positions as counsel to the Trustee and Jarvis Slade to effectuate a transfer of ownership interest in the Horseneck investment to Mr. Slade:

139. Discovery has yet to be conducted from Nancy Heller, the lawyer/co-trustee who had to sign off on the execution of the power of appointment and who, in mid- 2020, worked with Slade to allow the trusts for Slade and her sister to succeed to the Slade interests in certain Peck/Slade Co-Investments.

140. One such transaction involved the Green Mountain Ventures apartment building, which Slade acknowledged in an email was by then a partnership between two deceased partners "and there should be some agreement to continue the partnership." It later developed that the Slade family would not allow the Estate to transfer its interests in that venture to Ian as part of a possible settlement.

141. Another transaction involved what the 2006 Milbank Planning Memo referred to as a 5% interest in the Horseneck investment held by Norman "as a nominee for Jarvis J. Slade." Defendants have admitted in their Answer and otherwise that the "interest" held by Jarvis was not a direct ownership interest but was instead a "five percent interest in income, profits and losses of an entity called Horseneck Associates" ("Horseneck Profits Interest"). The 2020 transaction turned the Horseneck Profits Interest into a five percent ownership interest held directly by the Slade trusts.

142. Neither transaction was disclosed to—or approved by—the Surrogate's Court.

143. More fundamentally to this case, both transactions had the practical effect of keeping Ian from having an interest as co-owner of the assets through his inheritance.

(*id.* ¶¶ 139-143).

Milbank and Ms. Slade argue that the proposed SAC fails to adequately allege that there was a conflict of interest between Ms. Slade and the Trustee or, even if there was a conflict of interest, that the Trustee was aware of any such potential conflict. In support of their position, Milbank

152290/2022   PECK, IAN ET AL vs. MILBANK LLP ET AL
  Motion No.  004

Page 4 of 6

4 of 6

[* 4]

and Ms. Slade also adduce, among other things, transcript excerpts of the Trustee's deposition testimony (NYSCEF Doc. No. 134) indicating that the Trustee was aware of the co-investments which forms the basis for this alleged undisclosed conflict of interest:

Q: Did you believe there was any conflict of interest between Milbank and you or Ms. Slade at that point?

A: I did not.

Q: And this is while Milbank was representing you as preliminary executor of the estate?

A: I did not believe it.

Q: And did you ever tell Milbank that there was a potential conflict of interest between you and Milbank because Jarvis Slade had had some co-investments with Norman?

A: Never entered my mind.

Q: And why not?

A: It seemed irrelevant to me.

Q: Why?

A: That there was a conflict. She was a lawyer. Her father's investments, modest as they were, with Norman, were separate.

Q: Those weren't her investments?

A: They were not hers, no. Definitely not.

(*id.* at 73:19-74:13). Thus, the proposed SAC fails to identify statements or omissions made by Ms. Slade to the Trustee which adequately allege a basis for a breach of fiduciary duty. As such, the motion to amend is denied.

The Court has considered the parties' remaining arguments and finds them unavailing.

152290/2022   PECK, IAN ET AL vs. MILBANK LLP ET AL
Motion No.  004

Page 5 of 6

[* 5]

Accordingly, it is hereby

ORDERED that Ian Peck's motion to amend the pleadings is DENIED.

20250117105351AB0RR0K8574BB4C3F9D46878A0697BB6DFE22B9

| 1/17/2025 | | ANDREW BORROK, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]