Matter of Taub v New York City Water Bd. (2025 NY Slip Op 01330)

Matter of Taub v New York City Water Bd.

2025 NY Slip Op 01330

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 101215/22|Appeal No. 3865|Case No. 2023-05932|

[*1]In the Matter of Chana Taub, Petitioner-Appellant,
v
New York City Water Board, et al., Respondents-Respondents.

Chana Taub, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about August 22, 2023, which denied the petition to annul a determination of respondents New York City Water Board and New York City Department of Environmental Protection, dated September 30, 2014, denying petitioner's request for a recalculation of her water bill, granted respondents' cross-motion to dismiss the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court properly dismissed the petition as untimely. The Water Board issued a final determination on September 30, 2014, when it denied petitioner's appeal. Petitioner commenced this proceeding on December 20, 2022, well outside the four-month statute of limitations (CPLR 217[1]). Contrary to petitioner's contention, an August 31, 2022 letter in which DEP responded to petitioner's request for reconsideration did not restart the limitations period because the letter "merely referenced [the] original denial" and rendered "no new determination to be challenged [in] an article 78 proceeding" (Matter of Eldaghar v New York City Hous. Auth., 34 AD3d 326, 327 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
A 2015 DEP inspector's report suggesting that petitioner's water meter was faulty is not grounds to equitably toll the statute of limitations. Petitioner had knowledge of the report by May 2017 but did not commence this proceeding until more than five years later.
We have considered petitioner's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025