Matter of Lent v City of New York

2026 NY Slip Op 03269

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Thomas Lent, Petitioner-Appellant,

v

The City of New York et al., Respondents-Respondents.

Decided and Entered: May 26, 2026

Index No. 158624/24|Appeal No. 6716|Case No. 2025-02225|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Ballon Stoll P.C., New York (Avram Turkel of counsel), for appellant.

Steven Banks, Corporation Counsel, New York (Bo Malin-Mayor of counsel), for respondent.

[*1]

Judgment (denominated an order), Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about January 10, 2025, which denied the petition to annul a determination of the New York City Police Department (NYPD) not to issue petitioner his badge and firearm upon his retirement on April 29, 2021, granted respondent's cross-motion to dismiss the petition as time-barred, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Upon petitioner's April 29, 2021 retirement, NYPD did not issue petitioner, who was on modified duty at the time, his firearm, badge, or a "good guy letter" affirming his right to carry a firearm. Petitioner later applied for a retiree handgun license, which NYPD denied on March 15, 2022, citing petitioner's lack of a good guy letter. Because NYPD's written denial of the application was a "final and binding" determination (CPLR 217[1]), "the four-month statute of limitations began to run, at the latest, upon [petitioner's] receipt of the" denial (Matter of Baloy v Kelly, 92 AD3d 521, 522 [1st Dept 2012]; see also Matter of MacPherson v O'Neill, 201 AD3d 549, 550 [1st Dept 2022]; Matter of Jones v O'Neill, 197 AD3d 1067, 1068 [1st Dept 2021]). The "possibility of obtaining administrative relief had been exhausted when petitioner retired without a change in his [modified] duty status" (Baloy, 92 AD3d at 522).

Petitioner's May 1, 2024 letter, to which NYPD did not respond, "was a request for reconsideration of the agency's determination, and thus did not extend the statute of limitations" (id.). Nor did the May 1, 2024 letter give rise to a proceeding for mandamus to compel NYPD "to perform its duty" (CPLR 217 [1]). Petitioner asserts no "clear legal right" to a good guy letter (Matter of Anonymous v Commissioner of Health, 21 AD3d 841, 842 [1st Dept 2005]), which NYPD declined to issue in its discretion. Petitioner "cannot circumvent the statute of limitations by demanding that [NYPD] change its determination and seeking mandamus to compel when that demand is refused" (Matter of Stewart v New York City Dept. of Educ., 173 AD3d 585, 585 [1st Dept 2019] [internal quotation marks omitted]).

We have considered petitioner's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026