■ MICHAEL RAYKOWSKI, Appellant, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION et al., Respondents. [687 NYS2d 68] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered July 22, 1998, which dismissed this proceeding for CPLR article 78 and other relief, unanimously modified, on the law and as a matter of discretion, to convert petitioner's civil rights claim, originally asserted within the proceeding pursuant to CPLR article 78, into a plenary action and to remand it as such for further proceedings, and otherwise affirmed, without costs.

To the extent that the petition asserted claims for relief obtainable pursuant to CPLR article 78, it was properly dismissed as time-barred. Petitioner's request for reconsideration of the administrative determination terminating his employment did not extend the applicable four-month limitation period (*Matter of De Milio v Borghard*, 55 NY2d 216, 220; *Matter of Bonar v Shaffer*, 140 AD2d 153, 156, *lv denied* 73 NY2d 702). Nor did the meeting held in December 1997, eight months after petitioner's termination, constitute the sort of "fresh, complete and unlimited examination into the merits" (*Matter of Camperlengo v State Liq. Auth.*, 16 AD2d 342, 344) as would suffice to revive the Statute of Limitations (*see, Matter of Davis v Kingsbury*, 30 AD2d 944, 945, *affd* 27 NY2d 567).

Petitioner's claim for a declaratory judgment was also properly dismissed as barred by the four-month limitation period since the underlying dispute—whether an employee who is terminated for failing to maintain a city residence is entitled to the procedural protections of the Civil Service Law—may be resolved through an article 78 proceeding (*see, Solnick v Whalen*, 49 NY2d 224).

However, since, as the parties agree, petitioner's remaining claim, for violation of his civil rights (42 USC § 1983), is not properly disposed of as an incident (*see*, CPLR 7806) of his article 78 claims, and the claim is not precluded by the existence of a State statutory remedy for the asserted wrong (*see*, *423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 487, cert denied and appeal dismissed 481 US 1008), the claim should not have been dismissed, but should have been permitted, albeit in the form of a plenary action, and we modify accordingly (*see*, CPLR 103 [c]; *People ex rel. Brown v New York State Div. of Parole*, 70 NY2d 391, 398). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.