■ EDWARD THORNTON et al., Appellants, v NEW YORK CITY BOARD/DEPARTMENT OF EDUCATION et al., Respondents. [3 NYS3d 339]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered January 16, 2014, denying the petition and dismissing this hybrid proceeding brought pursuant to CPLR article 78 and 42 USC § 1983, unanimously reversed, on the law, without costs, the article 78 claims are remanded to respondent New York City Board/Department of Education (DOE) for the issuance of a determination whether petitioner Thornton's Classic Studios, Inc. is a responsible vendor, the proceeding with respect to the 42 USC § 1983 claims is converted into a plenary action, and those claims are reinstated without prejudice to a motion to dismiss. Order, same court and Justice, entered November 12, 2013, which denied petitioners' motion for injunctive relief, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 13, 2014, which denied petitioners' motion for discovery, unanimously dismissed, without costs, as moot.

This hybrid action arises out of respondent DOE's decision to place petitioner Thornton's Classic Studios, Inc. (TCS), a photography studio, on de-active status in the Financial Accounting and Management System (FAMIS), the online procurement portal through which the DOE orders goods and services, and subsequent actions taken by respondents. To do business with the DOE, a vendor must have an active status

on FAMIS and must have been determined to be a responsible vendor pursuant to the DOE's Procurement Policy and Procedures. The DOE's determination placing TCS on de-active status in FAMIS was rationally based upon the 2012 admission of TCS's president, petitioner Edward Thornton, that he had continued to send a certain photographer to work in DOE schools after becoming aware that the photographer had been accused of touching a student's breast five years earlier and had pleaded guilty to the charge of endangering the welfare of a child (Penal Law § 260.10 [1]; *see Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]).

However, the DOE acted arbitrarily and capriciously in failing to provide TCS with notice of its apparent determination of non-responsibility and of TCS's right to protest the determination, as required by its own Procurement Policy and Procedures (§§ 2-05 [g] [1]; 2-06; *see St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y.*, 247 AD2d 136, 155 [4th Dept 1998], *lv denied* 93 NY2d 803 [1999]; *Matter of Era Steel Constr. Corp. v Egan*, 145 AD2d 795, 798 [3d Dept 1988]; *see also Matter of Mitchell v New York City Dept. of Correction*, 94 AD3d 583 [1st Dept 2012]).

The record presents no extraordinary circumstances that would support the court's sua sponte dismissal of this proceeding (*see Grant v Rattoballi*, 57 AD3d 272 [1st Dept 2008]). Respondents did not move to dismiss the 42 USC § 1983 claims (*see Nichols v Curtis*, 104 AD3d 526, 527 [1st Dept 2013]; *Purvi Enters., LLC v City of New York*, 62 AD3d 508, 509 [1st Dept 2009]; *see also Matter of Alltow, Inc. v Village of Wappingers Falls*, 94 AD3d 879, 882 [2d Dept 2012] [summary procedure applicable to CPLR article 78 case may not be used to dispose of causes of action for damages]). As to those claims, conversion of this proceeding into a plenary action is warranted (*see* CPLR 103 [c]; *Raykowski v New York City Dept. of Transp.*, 259 AD2d 367 [1st Dept 1999]).

In moving for injunctive relief, petitioners failed to demonstrate a likelihood of success on the merits, irreparable injury, and that the balance of equities were in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]). Concur—Acosta, J.P., Renwick, Feinman, Clark and Kapnick, JJ.