■ In the Matter of CHRISTINE BUFFOLINO, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [65 NYS3d 710]—

Order and judgment (one paper), Supreme Court, New York County (Shlomo Hagler, J.), entered April 6, 2017, denying the petition to annul respondent New York City Department of Education's (DOE) determination, which terminated petitioner's teaching position effective December 14, 2015, and dismissing this hybrid proceeding brought pursuant to CPLR article 78 and 42 USC § 1983, unanimously modified, on the law, to the extent of vacating the dismissal of the 42 USC § 1983 claim and converting the proceeding into a plenary action, and otherwise affirmed, without costs.

This action arises out of DOE's acceptance of a resignation letter, dated December 2, 2015, that petitioner is alleged to have submitted, resigning her position as a teacher, effective December 14, 2015. Petitioner denies having sent the letter to the Superintendent of the school and on December 17 and 18, 2015, sought to withdraw and/or rescind the letter.

The article 78 petition was properly dismissed as premature, since it was brought prior to the conclusion of the grievance procedure set forth in the collective bargaining agreement entered into between petitioner's union and her employer (*see Matter of Gil v Department of Educ. of the City of N.Y.*, 146 AD3d 688 [1st Dept 2017]; *Matter of Sapadin v Board of Educ. of City of N.Y.*, 246 AD2d 359, 360 [1st Dept 1998]).

However, no extraordinary circumstances support the court's sua sponte dismissal of the entire proceeding (*see Grant v Rattoballi*, 57 AD3d 272, 273 [1st Dept 2008]; *Myung Chun v North Am. Mtge. Co.*, 285 AD2d 42, 46 [1st Dept 2001]). In the absence of a motion to dismiss the 42 USC § 1983 claim, conversion of this proceeding to a plenary action is warranted (*see* CPLR 103 [c]; *Thornton v New York City Bd./Dept. of Educ.*, 125 AD3d 444, 445 [1st Dept 2015]). Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.