Matter of Thornton v New York City Dept. of Educ. (2018 NY Slip Op 08357)





Matter of Thornton v New York City Dept. of Educ.


2018 NY Slip Op 08357


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7818 156571/16

[*1]In re Edward M. Thornton, et al., Petitioners-Plaintiffs-Appellants,
v
New York City Department of Education, et al., Respondents-Defendants-Respondents.


Lyman & Ash, Philadelphia, PA (Cletus P. Lyman, of the bar of the State of Pennsylvania, admitted pro hac vice, of counsel), and The Law Offices of Jeffrey Goldman, New York (Thomas H. Andrykovitz of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondents.



Judgment, Supreme Court, New York County (Debra A. James, J.), entered on or about May 9, 2017, which denied the petition and dismissed the hybrid proceeding brought pursuant to CPLR article 78 and 42 USC § 1983 seeking, inter alia, to order respondent New York City Department of Education (DOE) to (1) vacate its determination dated April 8, 2016 finding that petitioner-plaintiff Thornton's Classic Studio (TCS) is a nonresponsible vendor, (2) re-activate TCS's listing on DOE's Financial Accounting and Management System (FAMIS), (3) monetary damages for loss of business and reputational harm, or, alternatively, to remand for a plenary hearing before a neutral and impartial decision-maker, and granted respondents' cross motion to dismiss, unanimously affirmed, without costs.
In a prior decision (Thornton v New York City Bd./Dept of Educ., 125 AD3d 444 [1st Dept 2015]), we determined that respondent Department of Education's (DOE) placement of TCS on de-active status in FAMIS was rationally based upon the admission of petitioner Edward Thornton, president of TCS, that for years the company continued to employ a photographer after he pleaded guilty to endangering the welfare of a child for groping a student's breast while taking her yearbook photograph. However, because the DOE acted arbitrarily and capriciously by failing to provide notice to petitioners and afford them an opportunity to protest the DOE's apparent determination of nonresponsibility, as required by its own Procurement Policy and Procedures (PPP) (Sections 2-05(g)(1) and 2-06), we remanded to the DOE for the issuance of a determination whether TCS is a responsible vendor. The proceeding with respect to the 42 USC § 1983 claims was severed and converted into a plenary action, and those claims were reinstated without prejudice to a motion to dismiss.
Upon remand, petitioners failed to establish that the nonresponsibility determination was not warranted. Contrary to petitioners' contention, the DOE acted within its discretion by giving greater weight to TCS's lack of judgment in retaining a photographer with a criminal record stemming from his conduct while in a DOE school over the company's post hoc remedial measures (see Matter of Dempsey v New York City Dept. of Educ., 25 NY3d 291, 300 [2015]), particularly in light of TCS's refusal to fully accept responsibility for its actions (see e.g. Brooklyn Community Mgt. LLC v New York City Dept. of Educ., 67 AD3d 404, 404 [1st Dept 2009]).
Petitioners' additional claims of bias and violations of due process are unsupported by the record. The DOE followed the procedure set forth in the PPP, as directed by this Court, and issued detailed reports explaining with specificity the non-responsibility determination and subsequent denial of TCS's protest (see PPP §§ 2-05, 2-06). Although TCS may object to the findings, disagreement does not amount to bias (Matter of Phillips v Lee, 115 AD3d 957, 958 [2d [*2]Dept 2014]). Moreover, the review of written submissions, rather than holding an evidentiary hearing, did not deny petitioners due process (Matter of Tully Constr. Co. v Hevesi, 214 AD2d 465, 466 [1st Dept 1995], appeal withdrawn 87 NY2d 969 [1996]).
The Supreme Court properly dismissed the proceeding with respect to the 42 USC § 1983 claims as duplicative of the severed plenary action, which was pending at that time, and involved the same parties, sought essentially the same relief, and alleged the
same actionable wrongs (see GSL Enters. v Citibank, 155 AD2d 247, 247 [1st Dept 1989]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK