Matter of Teichmann v New York City Employees' Retirement Sys. (2019 NY Slip Op 08602)





Matter of Teichmann v New York City Employees' Retirement Sys.


2019 NY Slip Op 08602


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10479 101209/18

[*1] In re Boris Teichmann, Petitioner-appellant,
v
New York City Employees' Retirement System, Respondent-Respondent.


Boris Teichmann, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered November 28, 2018, denying the petition brought pursuant to CPLR article 78 for retroactive retirement benefits dating back to 2008, and granting respondent's cross motion to dismiss the petition, unanimously affirmed, without costs.
The court properly found that the petition is time-barred, since petitioner failed to commence this action within four months of respondent's final determination regarding his retirement disability benefits (see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telcom. of City of N.Y., 5 NY3d 30, 34 [2005]). Respondent notified petitioner of its final determination in June 2017, but petitioner did not commence this proceeding until August 2018. Contrary to his contentions, the June 2018 letter from respondent explaining its reasoning for denying petitioner retroactive benefits did not constitute a fresh and complete examination based on newly presented evidence, but merely reiterated its June 2017 determination that petitioner was not entitled to such benefits (see Matter of Baloy v Kelly, 92 AD3d 521 [1st Dept 2012]; Raykowski v New York City Dept. of Transp., 259 AD2d 367 [1st Dept 1999]). A request for reconsideration of a final and binding determination "does not toll or revive the statute of limitations" (Matter of Moskowitz v New York City Police Pension Fund, 82 AD3d 473, 473 [1st Dept 2011]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK