Matter of Holistic Resources, Inc. v Del Valle (2021 NY Slip Op 00235)





Matter of Holistic Resources, Inc. v Del Valle


2021 NY Slip Op 00235


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 158275/19 Appeal No. 12871 Case No. 2020-00502 

[*1]In the Matter of Holistic Resources, Inc. et al., Petitioners,
v
Fidel F. Del Valle etc., et al., Respondents.


Fahringer & Dubno, New York (Erica T. Dubno of counsel), for petitioners.
James E. Johnson, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondents.



Determination of respondent Office of Administrative Trials and Hearings (OATH), dated April 29, 2019, which affirmed a Hearing Officer's decision finding that petitioner Holistic Resources Inc. (Holistic) had twice violated Administrative Code § 17-706(a), imposed a $2,000 penalty, and revoked Holistic's tobacco retail dealer license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arthur F. Engoron, J.], entered on or about December 17, 2019), dismissed, without costs. The proceeding with respect to petitioners' 42 USC § 1983 claim is converted to a plenary action and remitted without prejudice to a motion to dismiss.
OATH's determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). In addition to the documentary proof submitted at the hearing, Holistic's representative conceded that its employees had twice sold tobacco to a minor (see Administrative Code § 17-706). OATH therefore properly concluded that Holistic was subject to mandatory revocation of its retail tobacco dealer license (see Administrative Code § 17-710[a][5]).
OATH also rationally concluded that Holistic failed to submit sufficient proof to establish its entitlement to a waiver of mandatory revocation, since it did not provide proof that it either monitored employees' adherence to a clear policy requiring that employees complete a sale only after confirming a purchaser's age through identification, or otherwise conducted periodic retraining in accordance with rules promulgated by the commissioner (see Administrative Code § 17-710[f][3]). Although the record established that the two employees who completed the sale of tobacco to minors each took a training course on the date of the first sale, the record does not establish any other periodic re-training (id.).
Petitioners failed to establish that OATH's determination was arbitrary, or that denial of a waiver in this case was inconsistent with its prior determinations (cf. Matter of Buffalo Civic Auto Ramps, Inc. v Serio, 21 AD3d 722, 725 [1st Dept 2005] lv denied 6 NY3d 713 [2006]).
The relief sought in petitioner's declaratory judgment claim is available under CPLR article 78 without the necessity of a declaration (see Matter of Level 3 Communications, LLC v Chautauqua County, 148 AD3d 1702, 1703 [4th Dept 2017], lv denied 30 NY3d 913 [2018]; Raykowski v New York City Dept. of Transp., 259 AD2d 367, 367 [1st Dept 1999]). However, a claim for violation of petitioners' civil rights pursuant to 42 USC § 1983 is not properly disposed of as incident to an article 78 claim (Raykowski at 368). Since respondents did not move to dismiss petitioners' 42 USC § 1983 claim, conversion of the proceeding to a plenary action as to that claim is warranted (CPLR 103 [c]; see Matter of Buffolino v New York City Dept. of Educ., 156 AD3d [*2]547, 548 [1st Dept 2017]; Thornton v New York City Bd./Dept. of Educ., 125 AD3d 444, 445 [1st Dept 2015]; Raykowski at 368). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021