(October 18, 1988)

■ NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v STANLEY S. HAUSEN et al., Respondents.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered on August 27, 1987, which denied, with leave to replead, petitioner's application for an order directing the repayment of funds and for alternative relief, unanimously modified, on the law and the facts, the petition and notice of petition deemed a complaint and summons, respectively, and the matter remanded for respondents to answer, and otherwise affirmed, without costs.

Appeal from order, Supreme Court, Bronx County (Anita Florio, J.), entered April 30, 1987, which denied reargument of an order of said court entered on or about April 29, 1986, unanimously dismissed as having been taken from a nonappealable order.

In this proceeding petitioner Nationwide Mutual Insurance Company (hereinafter Nationwide) seeks repayment of moneys allegedly obtained by means of the fraudulent alteration of a release, and alternative relief. It appeals from an order which effectively dismissed its petition with leave to replead in the proper form and denied reargument.

The events giving rise to this proceeding are as follows: On November 13, 1981, at East Tremont Avenue, Bronx, New York, Mrs. Helen Pawlow, a pedestrian, was struck and fatally injured by an uninsured pickup truck driven by Kenneth Kitay (hereinafter Kitay) and registered to his employer, Dime Roofing and Siding Industries, Inc. (hereinafter Dime). A double-parked bus owned by the Manhattan and Bronx Surface Transit Operating Authority (hereinafter MABSTOA) may have caused Kitay to change lanes, striking Mrs. Pawlow.

Thereafter, respondents Nicholas Pawlow and Jeanette Pawlow, the decedent's husband and daughter, demanded arbitration with Nationwide pursuant to the terms of the New York uninsured motorist coverage endorsement of an automobile liability insurance policy issued by Nationwide to Nicholas Pawlow. Respondent Stanley S. Hausen, representing respondents Nicholas Pawlow and Jeanette Pawlow, simultaneously commenced a negligence action in Supreme Court, Bronx County, against Kitay, Dime and its principals, MABSTOA, and the operator of the bus, apparently without Nationwide's knowledge.

The arbitration resulted in a joint award to Nicholas Pawlow and Jeanette Pawlow of $50,000 on their wrongful death claim. The award was confirmed to judgment in favor of respondents and against Nationwide for said sum plus interest and costs for a total of $59,987.50. (Sup Ct, Bronx County, Oct. 14, 1983, Callahan, J.)

Although Nationwide filed a notice of appeal from the judgment, it did not perfect its appeal after the Pawlows agreed to settle for $55,000 and to execute Nationwide's release and trust agreement (hereinafter Release). The printed Release provided for Nationwide's right of subrogation and required that Nicholas and Jeanette Pawlow not prejudice Nationwide's rights to seek recovery from any entity legally responsible for the accident.

The printed Release, forwarded by Nationwide's attorney to respondent Hausen for the Pawlows' signatures, provided in pertinent part as follows: "In consideration of such payment, the undersigned, for himself/herself, personally and in his/her capacity, as designated below, agrees to take, through any representative designated by Nationwide, such action as may be necessary or appropriate to recover the damages suffered by the undersigned and said minor or estate from *any person or persons, organization, association or corporation other than Nationwide* who or which may be legally liable therefor and

to hold any monies recovered from such person or persons, organization, association or corporation as a result of judgment or as a result of settlement with or without litigation, in trust for Nationwide to be paid to Nationwide immediately upon recovery thereof" (emphasis added).

Petitioner contends that without its knowledge or consent, the Release was altered by respondent Hausen to limit the persons and entities Nationwide could sue, with the aforementioned underlined material "whited out" and the following language typed in:

"uninsured parties named in pending 3rd party action, Sup. Ct., Bronx, *"

"* to wit, Dime Roofing and Siding Industries, Inc., Frank Horvath, Rosemarie Horvath and Kenneth T. Kitay."

Nationwide further contends that attorney Hausen's letter returning the signed Release failed to mention the amendment, and that the amendment rendered the Release virtually worthless to Nationwide since it gave Nationwide the right to proceed only against those tort-feasors who were judgment proof, while it reserved to Nicholas and Jeanette Pawlow any recovery from MABSTOA, the only entity which was financially responsible.

Petitioner alleges that its attorney discovered the alteration in July of 1985, almost two years after the Release was executed. By petition and notice of petition dated July 23, 1988, Nationwide therefore commenced the instant proceeding to compel the respondents to return the $55,000 and, alternatively, to rescind and reform the Release and to replace the respondent's attorney with one selected by Nationwide who would pursue its subrogation rights and cooperate with Nationwide's attorneys.

Respondent Hausen submitted an affidavit in opposition, dated August 21, 1985, emphatically denying that fraud had been perpetrated upon Nationwide. Respondents Nicholas and Jeanette Pawlow responded with a joint affidavit which also denied knowledge of fraud in connection with the settlement.

Thereafter, by decision dated April 29, 1986, Justice Florio, without reaching the merits, dismissed Nationwide's petition based upon the court's determination that, "Rather than proceeding by way of a special proceeding under article four of the CPLR, an action should have been instituted." Nationwide, by notice of motion dated January 14, 1987, moved to reargue, asserting that CPLR 103 (c) required that the proceeding be converted to an action. Reargument was denied

and the original determination adhered to by Justice Florio in an order entered on April 30, 1987.

Subsequently, on August 27, 1987, an order reflecting the original determination was entered in the Supreme Court, Bronx County. This appeal by petitioner Nationwide followed.

Initially, to the extent that Nationwide purports to appeal from that portion of Special Term's August 27, 1987 order as denied reargument, the appeal herein is dismissed. It is well settled in New York that no appeal lies from an order denying a motion for reargument. *(Matter of Michaelson v New York City Police Dept.,* 53 AD2d 573 [1st Dept 1976]; *Matter of Kadish v Colombo,* 121 AD2d 722 [2d Dept 1986].)

However, Special Term erred in dismissing the petition upon the ground that it was improperly brought as a special proceeding rather than as an action. It should have converted the proceeding to an action, permitted the respondents to submit responsive pleadings and proceeded to an adjudication on the merits. (CPLR 103 [c].) While in the absence of a statute authorizing a special proceeding, an action technically is commenced by service of a summons and complaint and not by notice of petition and petition, the clear and stated intent of the CPLR is to bar dismissals of actions where the court has jurisdiction and only an error in form is present. *(Matter of Greenberg [Ryder Truck Rental],* 110 AD2d 585, 586 [1st Dept 1985]; *see also, Matter of First Natl. City Bank v City of New York Fin. Admin.,* 36 NY2d 87 [1975].)

Thus, CPLR 103 (c) provides that "[i]f a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." Subdivision (c), therefore, does not require the dismissal of an action or special proceeding simply because it is brought in the wrong form. (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C103:3.)

CPLR 403 (c) requires that a notice of petition be served in the same manner as a summons must be served in an action. Here, petitioner asserts that the notice of petition and petition were personally served on respondent Hausen and that alternative service was made as to Nicholas and Jeanette Pawlow in accordance with CPLR 308, thereby giving Special Term personal jurisdiction over the respondents. Because the affidavits of the respondents in opposition to the petition do not sufficiently conform with the requirements of CPLR 3018 by

denying each of the allegations of the petition, respondents should be given an opportunity to submit responsive pleadings wherein they may raise any appropriate affirmative defense.

Finally, we reject petitioner's contention that this court should determine, on the papers before it, as a matter of law, that the alteration of the Release was fraudulent and that Nationwide is entitled to a return of the funds or to alternative relief. The documents, correspondence and conflicting affidavits submitted by the parties may raise material issues of fact as to whether Nationwide intended to relinquish subrogation rights with regard to MABSTOA, as to whether respondents' counsel intentionally and fraudulently altered the Release in a material manner without Nationwide's knowledge or consent, and as to whether Nationwide's delay in discovering the alleged fraud amounted to gross laches, issues which should be addressed, in the first instance, by the IAS court. *(See, D'Angelo v Hastings Oldsmobile,* 89 AD2d 785 [4th Dept 1982], *affd* 59 NY2d 773 [1983].)* Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.