■ PAUL GRANT, Appellant, v CHARLES RATTOBALLI, Respondent. [869 NYS2d 53]—

In this action for misappropriation of corporate assets, the order dismissing the complaint for failure to appear at a court conference should be vacated where the party shows a reasonable excuse for the default and a meritorious cause of action (*see Polir Constr. v Etingin*, 297 AD2d 509, 511 [2002]). Plaintiff

submitted an affidavit of merit sufficiently setting forth his claims alleging, inter alia, that defendant had used corporate funds for personal purposes and liquidated plaintiff's retirement fund.

The power of a nisi prius court to dismiss an action sua sponte should be used sparingly and only in extraordinary circumstances (*Rienzi v Rienzi*, 23 AD3d 450 [2005]). Supreme Court has the authority to dismiss an action based on a plaintiff's failure to attend a scheduled court appearance (*see* 22 NYCRR 202.27), and may do so without providing notice to the parties of its intention in that respect (*see Campos v New York City Health & Hosps. Corp.*, 307 AD2d 785 [2003]). Here, however, *both* parties failed to attend the conference, and there is no evidence that either one was aware a conference had been scheduled. Plaintiff explained that he did not receive notice of the court conference, there is no indication in the record that such notice was sent to either party (*see Levy v New York City Hous. Auth.*, 287 AD2d 281 [2001]), and defendant does not argue to the contrary. Furthermore, it is undisputed that plaintiff had attended every previous conference.

In its sua sponte dismissal order of May 2006, the court cited a pattern of contumacious conduct on plaintiff's part, which resulted in delays and the waste of judicial resources. While a court may, in certain circumstances, dismiss an action sua sponte based on a plaintiff's willful and contumacious failure to comply with disclosure orders (*see Macias v New York City Tr. Auth.*, 240 AD2d 196 [1997]), the court never warned plaintiff that his pleading might be dismissed based on failure to comply with disclosure orders (*cf. Goldstein v CIBC World Mkts. Corp.*, 30 AD3d 217 [2006]). Moreover, it is not clear from the record that plaintiff alone was responsible for the delays, or that his conduct was willful or contumacious, and defendant should not obtain a benefit for his own contribution to the discovery disputes and consequent delays.

Additionally, as plaintiff correctly notes, the court could not have dismissed the complaint pursuant to CPLR 3216 because plaintiff was never served with a written demand to resume prosecution of the action and file a note of issue within 90 days (*see* CPLR 3216 [b] [3]). General delay is not a ground for dismissal of the complaint where a plaintiff has not been served with a 90-day demand to serve and file a note of issue (*see Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]).

The court further stated in its dismissal order that plaintiff "attempted ex parte communications with the Court" but did not specify when or how, and there is no indication that it took

any action as a result of these alleged attempts. Plaintiff believes that the alleged ex parte communications to which the court referred are instances when his counsel, pursuant to the court's directive, contacted the court to obtain "so-ordered" subpoenas from the court; he denies any other attempted ex parte communication with the court. If plaintiff is correct, the court should neither have faulted him for those communications nor based its dismissal of the complaint on them. In any event, because the court acted sua sponte, plaintiff had no opportunity to defend against this charge.

Finally, the court stated in its sua sponte order that the case was "beyond standards and goals," apparently referring to the differentiated case management rule requiring that a civil case be given a particular designation based on its perceived complexity, which in turn suggests a time limit on completion of disclosure (*see* 22 NYCRR 202.19). The standards and goals component of the differentiated case management rule provides a "roadmap and timetable for arriving at a conclusion in civil cases" and thus facilitates the speedy resolution of those cases (Horowitz, *Help is Here, Whether You Like It or Not*, 80 NY St BJ 16, 18 [Sept. 2008]). The issue of whether an action should be dismissed, however, must be decided based on the particular facts of the action. Concur—Gonzalez, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.