■ LAWRENCE RAY et al., Appellants, v LEE CHEN, Respondent. [50 NYS3d 62]—

Order, Supreme Court, New York County (Robert R. Reed,

J.), entered on or about February 16, 2016, which denied plaintiffs' motion for leave to reenter their former residence and take possession of their personal property, and sua sponte dismissed the complaint, unanimously modified, on the law and in the exercise of discretion, to reinstate the complaint, and otherwise affirmed, without costs.

The motion court properly denied plaintiffs' motion, because plaintiffs offered no recognized legal basis to reclaim their allegedly converted property, the ultimate relief sought on the complaint. The parties have competing claims that must be determined before plaintiffs can obtain this relief.

To the extent that the order sua sponte dismissed the complaint, that portion of the order is not appealable as of right (see CPLR 5701[a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). However, given the extraordinary nature of the sua sponte relief (that is, dismissal of the complaint), the parties' competing factual claims for conversion, and the motion court's failure to identify any legal basis for dismissing the complaint, we sua sponte deem the notice of appeal from that portion of the order to be a motion for leave to appeal, and grant such leave (see CPLR 5701[c]; Serradilla v Lords Corp., 12 AD3d 279, 280 [1st Dept 2004]). "The power of a nisi prius court to dismiss an action sua sponte should be used sparingly and only in extraordinary circumstances" (Grant v Rattoballi, 57 AD3d 272, 273 [1st Dept 2008] [internal quotation marks omitted]). No such circumstances are present here. In the absence of notice that plaintiffs would be required to respond to a motion to dismiss, "the court was virtually without jurisdiction to grant the relief afforded to defendant[ ]" (Myung Chun v North Am. Mtge. Co., 285 AD2d 42, 45 [1st Dept 2001] [internal quotation marks omitted]). Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.