Wilmington Trust, Natl. Assn. v Modica (2020 NY Slip Op 08110)





Wilmington Trust, Natl. Assn. v Modica


2020 NY Slip Op 08110


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2019-08995
2019-13481
 (Index No. 8858/07)

[*1]Wilmington Trust, National Association, etc., respondent, 
v
Antoinette Modica, et al., appellants, et al., defendants.


Stephen C. Dachtera, South Richmond Hill, NY, for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Antoinette Modica and Anthony Modica appeal from (1) an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered November 15, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Ernest F. Hart, J.) entered March 15, 2019. The order, inter alia, granted the plaintiff's motion, denominated as one for leave to reargue, but which was, in actuality, one to vacate so much of an order of the same court (Howard G. Lane, J.) entered June 1, 2017, as, sua sponte, directed cancellation of a notice of pendency filed against the subject property, discharged a referee that had been appointed, and, in effect, granted the defendants Antoinette Modica and Anthony Modica leave to serve and file an answer within 30 days of entry of the order. The order and judgment of foreclosure and sale, upon an order of the same court entered August 9, 2018, among other things, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, in effect, denied that branch of the cross motion of the defendants Antoinette Modica and Anthony Modica which was, in effect, to vacate their default in answering the complaint, confirmed a referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered November 15, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
Initially, we reject the plaintiff's contention that the appeal from the order entered November 15, 2017, should be dismissed as untimely taken. The plaintiff did not move to dismiss the appeal on this ground, and the record does not establish that the time within which to take an appeal from the order expired before the defendants Antoinette Modica and Anthony Modica (hereinafter together the defendants) filed their notice of appeal (see CPLR 5513). Nevertheless, the appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d [*2]241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
We agree with the Supreme Court's determination granting the plaintiff's motion, denominated as one to reargue, but which was, in actuality, to vacate so much of the June 1, 2017 order, as, sua sponte, directed cancellation of the notice of pendency filed against the subject property, discharged the referee, and, in effect, granted the defendants leave to serve and file an answer within 30 days of entry of the order (see generally LaSalle Bank N.A. v Lopez, 168 AD3d 697, 700; Abedin v Tynika Motors, Inc., 279 AD2d 595, 596). While the court should not have, sua sponte, vacated so much of the June 1, 2017 order as granted that branch of the defendants' motion which was to vacate a prior order entered May 10, 2016, this determination was rendered academic when the court thereafter vacated the May 10, 2016 order.
In addition, the Supreme Court, in effect, providently exercised its discretion in denying that branch of the defendants' cross motion which was, in effect, to vacate their default in answering the complaint because the defendants failed to provide a reasonable excuse for their default (see U.S. Bank N.A. v Crawford, 174 AD3d 762, 763; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049). Since the defendants failed to establish a reasonable excuse for their default, it is unnecessary to determine whether they sufficiently demonstrated a potentially meritorious defense (see W. Coast Servicing, Inc. v Yusupova, 172 AD3d 789, 790-791). Accordingly, we agree with the court's determination, in effect, to deny that branch of the defendants' cross motion which was, in effect, to vacate their default in answering the complaint.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court