Matter of David H. Berg & Assoc. v Weksler (2021 NY Slip Op 02489)





Matter of David H. Berg & Assoc. v Weksler


2021 NY Slip Op 02489


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 157028/19 Appeal No. 13678 Case No. 2020-04219 

[*1]In the Matter of David H. Berg & Associates, Petitioners/Cross Respondents-Appellants-Respondents,
v
Lisa J. Weksler, Respondent/Cross-Petitioner-Respondent-Appellant.


Berg & Androphy, New York (Michael M. Fay of counsel), for appellant/respondents-appellants.
Levitt LLP, Mineola (Steven L. Levitt of counsel), for respondent/respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered June 5, 2020, which to the extent appealed from as limited by the briefs, converted this special proceeding brought to enforce a charging lien into a plenary action and "permitted" petitioner David Berg & Associates' (Berg) and cross-respondent Michael Fay's motion to dismiss the counterclaims and the petition to be withdrawn without prejudice, unanimously modified, to the extent of vacating the portions that permitted the withdrawal of the petition and motion, restoring the motion to the calendar, and remanding for determination of the motion on the merits, and otherwise affirmed, without costs.
Regardless of whether the parties consented to convert the underlying special proceeding to a plenary action, the court's determination to do so pursuant to CPLR 103(c) was a sound exercise of discretion. Based on the record, there are numerous unresolved factual issues that warrant discovery concerning the amount of attorney's fees, if any, that petitioner is entitled to recover on a quantum meruit basis (see generally Nationwide Mut. Ins. Co. v Hausen, 143 AD2d 577 [1st Dept 1988]). We further note that, as a general matter, a claim for quantum meruit recovery, as opposed to a claim on a charging lien, should be brought as a plenary action (see Bernard v De Rham, 161 AD3d 686, 687 [1st Dept 2018]; Butler, Fitzgerald & Potter v Gelmin, 235 AD2d 218, 219 [1st Dept 1997]). Upon converting the proceeding to an action, the court properly deemed the petition to be converted to a complaint, and the language permitting the petition to be withdrawn was superfluous.
There is no basis in the record, however, to support the court's determination that petitioner and Fay agreed to withdraw their motion to dismiss respondent's counterclaims. Accordingly, the motion should be reinstated and remanded for consideration on the merits in the plenary action. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021