558 Seventh Ave. Corp. v Times Sq. Photo Inc. (2021 NY Slip Op 03244)





558 Seventh Ave. Corp. v Times Sq. Photo Inc.


2021 NY Slip Op 03244


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 653090/20 Appeal No. 13889 Case No. 2021-00177 

[*1]558 Seventh Ave. Corp., et al., Plaintiffs-Appellants,
v
Times Square Photo Inc. et al., Defendants-Respondents.


Borah Goldstein Altschuler Nahins & Goidel PC, New York (Paul N. Gruber of counsel), for appellants.
Law Office of Gary S. Fish, New York (Gary S. Fish of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about January 11, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment as to liability against defendant Times Square Photo Inc. and sua sponte dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated and plaintiffs' motion granted as to the first cause of action.
Although the sua sponte dismissal of the action is not appealable as of right (CPLR 5701[a][2]), we deem the notice of appeal from that portion of the order to be a motion for leave to appeal, and grant such leave (see Ray v Chen, 148 AD3d 568 [1st Dept 2017]). As Supreme Court has general jurisdiction and plaintiff's monetary claims exceed Civil Court's $25,000 jurisdictional threshold (NY Const, art VI, §§ 7; 15[b]), Supreme Court is a proper forum, and we reinstate the complaint.
Plaintiff's motion for summary judgment as to liability on the first cause of action for unpaid rent is granted. The parties do not dispute that tenant defendant Times Square Photo failed to pay rent for certain periods during the COVID-19 pandemic; they appear to dispute plaintiffs' treatment of the security deposit in calculating their damages. We reject defendants' affirmative defenses of frustration of purpose and impossibility (see Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 42-43 [1st Dept 2020]; Latipac Corp. v BMH Realty LLC, 93 AD3d 115, 123 n 4 [1st Dept 2012], lv dismissed 19 NY3d 1099 [2012]). Plaintiffs do not dispute that the tenant's business, an electronic sales and repair store, was shuttered for a period as a result of pandemic-related executive orders. However, defendants acknowledge that they eventually reopened for curbside service and that they were able to gain access to the premises during the period of nonpayment. Thus, although the pandemic has been disruptive for many businesses, the purpose of the lease in this case was not frustrated, and defendants' performance was not rendered impossible, by its reduced revenues.
Although the force majeure clause in the lease would excuse the parties from their obligations under the lease for the duration of certain circumstances beyond their control, the clause expressly excepts the tenant's obligation to pay rent and additional rent. Similarly, defendants raise the defense of unclean hands with respect to plaintiffs' treatment of the security deposit but do not explain how their challenge to the requirement to replenish the security deposit in these circumstances would warrant dismissal of the action. However, defendants may raise their arguments about the security deposit at the trial on damages.
Plaintiffs acknowledged the applicability of Administrative Code of City of NY § 22—1005, which prohibits the enforcement of commercial lease guaranties against natural persons in certain circumstances. However, because the third cause of action [*2]alleges that guarantor defendant Saka is liable under the guaranty for periods outside the statute, the parties should be permitted to make their respective factual showings at the trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021