Department of Hous. Preserv. & Dev. of the City of N.Y. v France (2021 NY Slip
Op 50982(U))

[*1]

Department of Hous. Preserv. & Dev. of the City of N.Y. v
France

2021 NY Slip Op 50982(U) [73 Misc 3d 132(A)]

Decided on October 20, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through October 27, 2021; it
will not be published in the printed Official Reports.

Decided on October 20, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Hagler, JJ.

570099/21

Department of Housing Preservation and
Development of the City of New York, Petitioner-Appellant, 
against
Watson France, Respondent-Respondent.

Petitioner Department of Housing Preservation and Development of the City of New York
appeals from (1) an order of the Civil Court of the City of New York, Bronx County (David J.
Bryan, J.), dated March 7, 2019, which, sua sponte, dismissed its petition in a Housing Part
enforcement proceeding, and (2) an order (same court and Judge), dated July 29, 2019, which
denied petitioner's motion, denominated as one to reargue the prior order.

Per Curiam.
Order (David J. Bryan, J.), dated July 29, 2019, reversed, without costs, the dismissal
vacated, petition reinstated and the matter remanded for further proceedings. Appeal from order
(David J. Bryan, J.), dated March 7, 2019 dismissed, without costs, as nonappealable.
Petitioner's motion, denominated as one to reargue, was, in effect, one to vacate the March 7,
2019 order which, sua sponte, dismissed the petition in a Housing Part enforcement proceeding
(see Sholes v Meagher, 100 NY2d 333, 335 [2003]; Wilmington Trust, N.A. v
Modica, 189 AD3d 1675, 1676 [2020]). Thus, the denial of petitioner's motion is appealable
as of right (see 5701[a][3]).
Civil Court's sua sponte dismissal of the petition was procedurally improper and
substantively incorrect. The power of a court to dismiss an action or proceeding sua sponte
"should be used sparingly and only in extraordinary circumstances" not present on this record
(Ray v Chen, 148 AD3d 568, 569 [2017][internal quotation marks omitted]). As to the
merits, the court erroneously concluded that the notice of violation served by petitioner was
defective. The pertinent Housing Maintenance Code provision to apprise a building owner of an
inadequate heat and hot water violation is Administrative Code of City of NY §
27-2115(k)(2) (see Department of Hous. Preserv. & Dev. of City of NY v DeBona,
101 AD2d 875 [1984][citing to the predecessor statute]), and the subject notice of violation
served upon respondent satisfied the requirements of that provision. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 20, 2021