Melikov v 66 Overlook Terrace Corp. (2022 NY Slip Op 07159)

Melikov v 66 Overlook Terrace Corp.

2022 NY Slip Op 07159

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 153504/18, 595283/19 Appeal No. 16889-16889A Case No. 2022-01718, 2022-01722 

[*1]Bakhtiyor Melikov et al., Plaintiffs-Appellants,
v
66 Overlook Terrace Corp., et al., Defendants-Respondents, Patriot Plumbing and Heating Inc., Defendant. [And A Third-Party Action.]

Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Garden City (Mark R. Bernstein of counsel), for appellants.
Fleischner Potash LLP, New York (Jason Steinberg of counsel), for respondents.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered April 7, 2022, which denied plaintiffs' motion to vacate an order, same court and Justice, entered on or about March 2, 2022, sua sponte dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint reinstated. Appeal from order, same court and Justice, entered on or about March 2, 2022, unanimously dismissed, without costs, as taken from a nonappealable paper.
Supreme Court improvidently exercised its discretion in denying the unopposed motion to vacate the sua sponte dismissal order, as plaintiffs gave both a reasonable excuse for their default and a potentially meritorious claim (Pena v Pinnacle Assoc. II N.Y. LLC, 178 AD3d 407, 407 [1st Dept 2019]). Plaintiffs presented a substantiated excuse of law office failure in the form of an affirmation from counsel, along with correspondence showing that his office had inadvertently failed to calendar the due date on which they were to update the court on the progress of discovery (see Willner v S Norsel Realties LLC, 206 AD3d 545, 545-546 [1st Dept 2022]; see Pena, 178 AD3d at 407). Notably, none of defendants' attorneys corrected the wrong date stated in an email from plaintiff's counsel even though they also had received the court's notices and were required to cooperate in preparing the submission to the court. Plaintiffs also showed that during the six months preceding the conference, the parties had been actively and cooperatively engaged in court-ordered discovery, and there is no contention that plaintiffs failed to comply with that discovery.
In addition, plaintiffs submitted evidence supporting a potentially meritorious Labor Law claim by submitting plaintiff's deposition testimony that while performing construction work in a building owned by defendant 66 Overlook Terrace, Corp., he fell from an A-frame ladder, which moved while he stood on it, causing him to lose his balance and fall and sustain injuries (see e.g. Kehoe v 61 Broadway Owner LLC, 186 AD3d 1143-1144 [1st Dept 2020], lv dismissed, 36 NY3d 959 [2021]).
Under these circumstances, dismissal of the action after all parties had failed to comply with the court's notices unfairly penalized only plaintiffs (see Genesis R. v City of New York, 162 AD3d 471, 472 [1st Dept 2018]). Vacating the dismissal order is consistent with the public policy of this State to dispose of cases on their merits (Harwood v Chaliha, 291 AD2d 234, 234 [1st Dept 2002]), and upholds the principle that a trial court's power to dismiss an action sua sponte should be used "sparingly and only in extraordinary circumstances" (Grant v Rattoballi, 57 AD3d 272, 273 [1st Dept 2008]; see Mateo v City of New York, 274 AD2d 337, 337 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022