Zanani v Scott Seidler Family Trust (2023 NY Slip Op 00836)

Zanani v Scott Seidler Family Trust

2023 NY Slip Op 00836

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 156268/21 Appeal No. 17332 Case No. 2022-00388 

[*1]Doron Zanani, Plaintiff-Appellant,
v
Scott Seidler Family Trust et al, Defendants-Respondents.

Doron Zanani, New York, appellant pro se.
Law Office of Henry Kohn, Brooklyn (Henry Kohn of counsel), for respondents.

Order, Supreme Court, New York County (Frank Nervo, J.), entered on or about November 8, 2021, which, to the extent appealed from as limited by the briefs, denied the petition and dismissed the special proceeding, unanimously reversed, on the law, without costs, the special proceeding converted to a plenary action, the petition deemed a complaint with respect to the breach of contract and account stated claims, and the matter remanded for further proceedings.
Supreme Court should have converted the special proceeding into a plenary action rather than dismissing the petition, as CPLR 103(c) "prohibits dismissal of [a] proceeding solely on the ground that it was not brought in the proper form" (Matter of Greene v. Finley, Kumble, Wagner, Heine & Underberg, 88 AD2d 547, 548 [1st Dept 1982]; see Matter of Jacob D. Fuchsberg Law Firm v Danzig, 248 AD2d 178, 179 [1st Dept 1998]).
We note that petitioner withdraws his claims except for those asserting breach of contract and account stated. Nonetheless, we decline petitioner's request to construe the petition and answer as summary judgment papers and to summarily adjudicate his remaining claims at this stage. When a special proceeding is converted into a plenary action in accordance with CPLR 103(c), the petition is deemed a complaint, not a motion for summary judgment (see Matter of David H. Berg & Assoc. v Weksler, 193 AD3d 612, 613 [1st Dept 2021]). The record may present material issues of fact as to whether petitioner is entitled to recover under either remaining cause of action, or whether he committed legal malpractice, and these issues are for the motion court to address in the first instance (see Commissioner of the State Ins. Fund v Weissman, 90 AD3d 417, 417-418 [1st Dept 2011]; Nationwide Mut. Ins. Co. v Hausen, 143 AD2d 577, 581 [1st Dept 1988]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023