D'Arata v NY Post (2023 NY Slip Op 01232)

D'Arata v NY Post

2023 NY Slip Op 01232

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Index No. 101414/21 Appeal No. 17478 Case No. 2022-03409 

[*1]Vincent D'Arata, Plaintiff-Appellant,
v
The NY Post, Defendant-Respondent.

Vincent D'Arata, appellant pro se.
Davis Wright Tremaine LLP, New York (Laura R. Handman of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered May 11, 2022, which denied plaintiff's motion for a default judgment and sua sponte dismissed the complaint for lack of personal jurisdiction due to improper service, unanimously modified, on the law and in the exercise of discretion, to reinstate the complaint and extend defendant's time to file a response to the complaint to 30 days after the date of entry of this order, and otherwise affirmed, without costs.
As an initial matter, there is no appeal as of right from the portion of the order sua sponte dismissing the complaint (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). However, under the circumstances here, we deem the notice of appeal from that branch of the order a motion for leave to appeal, and grant leave (see CPLR 5701[c]; Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]).
The court providently exercised its discretion in denying plaintiff's motion for a default judgment, as plaintiff failed to show that he properly served the summons and complaint on defendant (see CPLR 3215[f]; Schnur v Balestriere, 208 AD3d 1117, 1119 [1st Dept 2022]; Commissiong v Mark Greenberg Real Estate Co. LLC, 203 AD3d 657 [1st Dept 2022], lv dismissed 38 NY3d 1119 [2022]). Nevertheless, the court should not have dismissed the complaint sua sponte for lack of proper service. "[A] trial court's power to dismiss an action sua sponte should be used sparingly and only in extraordinary circumstances" (Melikov v 66 Overlook Terrace Corp., 211 AD3d 537, 538-539 [1st Dept 2022] [internal quotation marks omitted]). Here, there were no extraordinary circumstances justifying dismissal of the complaint without a formal motion by defendant demonstrating its entitlement to such relief and to which plaintiff would have the opportunity to respond (see Myung Chun v North Am. Mtge. Co., 285 AD2d 42, 45 [1st Dept 2001]; Ray, 148 AD3d at 569; see also Dupps v Betancourt, 99 AD3d 855, 856 [2d Dept 2012]). Accordingly, we reinstate the complaint and extend the time for defendant to file a response to plaintiff's pleadings.
To the extent defendant contends that this action could be dismissed on the alternative ground that it was untimely commenced, "[t]he statute of limitations must be pleaded as an affirmative defense and cannot be asserted sua sponte by the court as a basis for denying an unopposed motion for a default judgment" (Orix Fin. Servs., Inc. v Haynes, 56 AD3d 377, 377 [1st Dept 2008]; see also Buckeye Retirement Co., L.L.C., Ltd. v Lee, 41 AD3d 183, 184 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023