Cooper v Broems (2023 NY Slip Op 01357)

Cooper v Broems

2023 NY Slip Op 01357

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 153384/18 Appeal No. 17496-17497-17498 Case No. 2022-01415 2022-01417 2022-01419 

[*1]Dr. Spring Cooper, Plaintiff-Appellant,
v
Ryan Broems, Defendant-Respondent, Calidaddy26 et al., Defendants. 

Daniel Szalkiewicz & Associates, P.C., New York (Daniel S. Szalkiewicz of counsel), for appellant.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 8, 2022, which denied plaintiff's motion to vacate and restore the action, unanimously reversed, on the law, without costs, the motion granted, and the complaint reinstated. Appeals from orders, same court and Justice, entered February 4, 2022 and March 22, 2022, unanimously dismissed, without costs, as taken from nonappealable papers.
Supreme Court improvidently exercised its discretion in denying the unopposed motion to vacate dismissal order, as plaintiff gave both a reasonable excuse for her default and a potentially meritorious claim (Pena v Pinnacle Assoc. II NY LLC, 178 AD3d 407, 407 [1st Dept 2019]). Plaintiff presented a substantiated excuse of law office failure in the form of an affirmation from counsel, along with a copy of counsel's office electronic calendar showing that his office had inadvertently failed to calendar the due date on which they were to update the court on the progress of discovery (see Melikov v 66 Overlook Terrace Corp., 211 AD3d 537, 538 [1st Dept 2022]; Willner v S Norsel Realties LLC, 206 AD3d 545, 545-546 [1st Dept 2022]; see Pena, 178 AD3d at 407). Plaintiff also showed that she was actively prosecuting the claims.
In addition, plaintiff submitted evidence supporting a potentially meritorious claim by submitting the plea minutes from the attendant criminal case where defendant admitted to the actions complained of (see Winters v Atlantic Dev. Corp., 205 AD3d 447, 447 [1st Dept 2022]).
Under these circumstances, dismissal of the action unfairly penalized only plaintiff (see Melikov, 211 AD3d at 538; Genesis R. v City of New York, 162 AD3d 471, 472 [1st Dept 2018]). Vacating the dismissal order is consistent with the public policy of this State to dispose of cases on their merits (Harwood v Chaliha, 291 AD2d 234, 234 [1st Dept 2002]), and upholds the principle that a trial court's power to dismiss an action sua sponte should be used "sparingly and only in extraordinary circumstances" (Grant v Rattoballi, 57 AD3d 272, 273 [1st Dept 2008]; see Mateo v City of New York, 274 AD2d 337, 337 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023