Sara's Studios, LLC v Sparkle World LLC (2023 NY Slip Op 02990)

Sara's Studios, LLC v Sparkle World LLC

2023 NY Slip Op 02990

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 157308/18 Appeal No. 411 Case No. 2022-04241 

[*1]Sara's Studios, LLC, Plaintiff-Appellant,
v
Sparkle World LLC, et al., Defendants-Respondents.

Law Office of Mark S. Friedlander, New York (Mark S. Friedlander of counsel), for appellant.
Harwood Reiff LLC, New York (Simon W. Reiff of counsel), for respondents.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about June 10, 2022, which denied plaintiff's motion to vacate an order, same court and Justice, entered on or about September 10, 2021, sua sponte dismissing the action for plaintiff's failure to comply with court notices directing the submission of discovery stipulations, unanimously reversed, on the law, without costs, plaintiff's motion granted, and the matter restored to the calendar.
The court improvidently exercised its discretion in denying plaintiff's motion to vacate the September 2021 order, as plaintiff demonstrated a reasonable excuse for its noncompliance with the court notices and a meritorious claim (see CPLR 5015[a][1]; Melikov v 66 Overlook Terrace Corp., 211 AD3d 537, 538 [1st Dept 2022]; Willner v S Norsel Realties LLC, 206 AD3d 545, 545 [1st Dept 2022]). Plaintiff's excuse of law office failure was supported by the affirmation of its attorney explaining that he had to lay off his associate and staff due to the COVID-19 pandemic and, as a result, overlooked the court notices (see Pena v Pinnacle Assoc. II NY LLC, 178 AD3d 407 [1st Dept 2019]). A meritorious cause of action for use and occupancy is demonstrated through plaintiff's submission of the amended complaint, the lease agreement, and the affidavit of its principal shareholder (see Willner, 206 AD3d at 545-546). Moreover, defendants did not oppose plaintiff's motion to vacate, and have not argued that they would be prejudiced by a vacatur the dismissal order. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023