Anonymous v Anonymous (2023 NY Slip Op 03539)

Anonymous v Anonymous

2023 NY Slip Op 03539

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

Index No. 155050/18 Appeal No. 596 Case No. 2022-02125 

[*1]Anonymous, Plaintiff-Appellant,
v
Anonymous, Defendant-Respondent.

Law Offices of Jeffrey Lichtman, New York (David Gelfand of counsel), for appellant.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 15, 2022, which, after entry of default judgment and a subsequent inquest on damages, dismissed plaintiff's complaint in its entirety, unanimously reversed, on the law, without costs, the complaint reinstated, and the matter remanded for inquest and an evidentiary hearing.
The order sua sponte dismissing the complaint is not appealable as of right (see CPLR 5701[a] [2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). However, given the extraordinary nature of the sua sponte relief, that is, dismissal of the complaint, and plaintiff's lack of opportunity to present evidence of causation given the court's directive that the inquest was solely for computation of damages and that liability had been established, we deem the notice of appeal from the order to be a motion for leave to appeal, and grant such leave (see CPLR 5701[c]; Ray v Chen, 148 AD3d 568 [1st Dept 2017]).
A court's power to dismiss a complaint, sua sponte, "should be used sparingly and only in extraordinary circumstances" (Blake v Blake, 156 AD3d 523, 524 [1st Dept 2017] [internal quotation marks omitted]). Based on the record, no such circumstances exist to warrant dismissal. During the inquest entered on defendant's default, the court focused solely on the amount of plaintiff's damages, going so far as to state that liability had been established. Plaintiff was thus not put on notice that the issue of liability was being considered and should be afforded the opportunity to do so in the context of a full inquest as to damages and evidence of causation.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023