Matter of Jones Law Firm, P.C. v J. Synergy Green, Inc. (2024 NY Slip Op 05053)

Matter of Jones Law Firm, P.C. v J. Synergy Green, Inc.

2024 NY Slip Op 05053

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 651857/23 Appeal No. 2810 Case No. 2023-04067 

[*1]In the Matter of Jones Law Firm, P.C., Petitioner/Respondent-Responden,
v
J. Synergy Green, Inc., et al., Respondents/Petitioners-Appellants.

Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for appellants.
Schlam Stone & Dolan LLP, New York (Jeffrey M. Eilender of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 2, 2023, which, to the extent appealed from, declined to consider the counterclaims of respondents J. Synergy Green, Inc. Avrohom Y. Sorotzkin, and Yaakov Milstein (respondents) related to alleged violations of Judiciary Law § 487, unanimously dismissed, without costs.
The Judiciary Act § 487 counterclaims interposed in this action involve an inquiry into disputed facts as to whether petitioner Jones Law Firm, P.C. intentionally deceived respondents (see Matter of David H. Berg & Assoc. v Weksler, 193 AD3d 612, 613 [1st Dept 2021]). Petitioner did not seek dismissal of these claims. Consequently, Supreme Court improperly dismissed these counterclaims sua sponte. "Vacating the dismissal order is consistent with the public policy of this State to dispose of cases on their merits (Harwood v Chaliha, 291 AD2d 234, 234 [1st Dept 2002]), and upholds the principle that a trial court's power to dismiss an action sua sponte should be used 'sparingly and only in extraordinary circumstances'" (Cooper v Broems, 214 AD3d 497, 497 [1st Dept 2023] [internal quotation marks omitted]; see Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]; Grant v Rattoballi, 57 AD3d 272, 273 [1st Dept 2008]; see also Myung Chun v North Am. Mtge Co., 285 AD2d 42, 45 [1st Dept 2001]; Mateo v City of New York, 274 AD2d 337, 337 [1st Dept 2000]). However there is no right of appeal from an ex parte order, including an order entered sua sponte (Sholes v Meagher, 100 NY2d 333, 335 [2003]). Under these circumstances, the appropriate remedy is for us to dismiss the appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024