Klein v New York City Tr. Auth. (2025 NY Slip Op 04147)

Klein v New York City Tr. Auth.

2025 NY Slip Op 04147

Decided on July 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 10, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 156065/18|Appeal No. 4196-4197|Case No. 2024-03999 2024-04001|

[*1]Rachel Ellen Klein, Plaintiff-Appellant,
v
New York City Transit Authority, Defendant-Respondent.
New York City Transit Authority, Third-Party Plaintiff-Respondent,
v
301/69 Owners' Corp., Third-Party Defendant-Respondent.
301/69 Owners' Corp., Second Third-Party Plaintiff- Respondent
v
Schindler Elevator Corporation, Second Third-Party Defendant-Respondent.

Michael H. Klein, LLC, West Hempstead (Michael H. Klein of counsel), for appellant.
Newman Law Associates PLLC, New York (John E. Newman), for New York City Transit Authority and Schindler Elevator Corporation, respondents.
Bernstein Cherney LLP, New York (Hartley T. Bernstein of counsel), and Boyd Richards Parker & Colonelli, P.L., New York (Manu Leila Davidson of counsel), for 301/69 Owner's Corp, respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about May 31, 2024, which, to the extent appealed from, denied plaintiff's motion for summary judgment on her causes of action for trespass and for a permanent injunction and for an order severing the third-party claims, and sua sponte issued an order conditionally dismissing the complaint unless plaintiff complied with certain outstanding discovery by a date certain, unanimously modified, on the law, to strike the conditional order of dismissal and instead order discontinuance of all causes of action except the trespass cause of action to the extent it seeks injunctive relief and the cause of action for a mandatory injunction to the extent it pertains to the trespass, and otherwise affirmed, without costs. Order, same court and Justice, entered June 13, 2024, which dismissed the complaint and discontinued all third-party claims and counterclaims, unanimously reversed, on the law, without costs, and the order vacated.
Plaintiff, who lives in an apartment near the 72nd Street station of the Second Avenue subway line, alleges that the escalators in that station have caused noises and vibrations in her apartment. As relevant to this appeal, plaintiff asserts causes of action against defendant New York City Transit Authority (NYCTA) for trespass and injunctive relief, seeking, among other things, a permanent mandatory injunction requiring the NYCTA to cease the trespass by abating the noises and vibrations.
Plaintiff failed to establish prima facie entitlement to summary judgment on her causes of action for trespass and injunctive relief. In support of her motion, plaintiff submitted evidence that her apartment is subject to noise and vibrations that increased following installation of the escalators. However, the evidence on the motion did not establish an intentional entry onto plaintiff's property, which is a necessary element of a cause of action for trespass (see SJWA LLC v Father Realty Corp., 221 AD3d 552, 553 [1st Dept 2023]). The evidence also failed to establish that before the subway escalators were installed, there was a "substantial certainty" that the installation and operation would result in the intrusion of noise and vibrations in the apartment (Berenger v 261 West LLC, 93 AD3d 175, 181 [1st Dept 2012] [internal quotations and citations omitted]). Further, the parties' expert opinions diverge as to whether there was a violation of the New York City Environmental Protection Noise Code (Administrative Code of City of New York §§ 24-218, 24-232), and the record therefore presents issues of fact as to negligence, which, under certain circumstances, can support a cause of action for trespass (see Phillips v Sun Oil Co., 307 NY 328, 331 [1954]; see also Elliott v City of New York, 95 NY2d 730, 734 [2001]).
Supreme Court providently denied so much of plaintiff's motion as sought to sever the third-party complaints (see Cross v Cross, 112 AD2d 62, 64 [1st Dept 1985[*2]]). Because the third- and fourth-party claims center on which party or parties are responsible for the noise and vibrations in the apartment, resolving the claims together serves the interest of judicial economy.
However, the court improvidently exercised its discretion in sua sponte issuing an order conditionally dismissing the complaint in its entirety based on plaintiff's noncompliance with an April 2024 discovery order. In general, a party who seeks to challenge a sua sponte order on appeal should first move to vacate the order to create a suitable appellate record and afford counsel the opportunity to be heard on the issues (see CPLR 5701[a][3]; Unanue v Rennert, 39 AD3d 289, 290 [1st Dept 2007]). Nevertheless, because of the extraordinary nature of the sua sponte dismissal of the entire complaint and in the interests of judicial economy, we deem the notice of appeal to be a motion for leave to appeal the sua sponte aspects of the order, and grant that leave (see Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]).
We emphasize that "[t]he power of a nisi prius court to dismiss an action sua sponte should be used sparingly and only in extraordinary circumstances" (Grant v Rattoballi, 57 AD3d 272, 273 [1st Dept 2008]). With that guiding principle in mind, as there was no showing here of willful or bad faith noncompliance, the sanction of dismissing the entire complaint was unwarranted (see Lee v 13th St. Entertainment LLC, 161 AD3d 631, 632 [1st Dept 2018]; Grant, 57 AD3d, at 273). None of the other parties had moved to compel discovery or to dismiss the complaint due to plaintiff's failure to comply with the April 2024 discovery order. Moreover, in connection with her motion for summary judgment, plaintiff represented that she would not be pursuing any claims to recover damages for personal injuries and NYCTA did not object to her withdrawing those claims. At the June 12, 2024 status conference, plaintiff's counsel made clear that plaintiff did not intend to pursue her claims to recover damages, which is why plaintiff's counsel believed in good faith that discovery related to her purported personal injuries and damages was no longer relevant or required. As a result, plaintiff is permitted, in accordance with CPLR 3217(b), to discontinue all causes of action except the trespass claim to the extent that plaintiff may seek a mandatory injunction only and the mandatory injunction claim as it pertains to the alleged trespass only.
The third-party and second third-party complaints are restored, as they were voluntarily withdrawn only after dismissal of the complaint.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 10, 2025