Pejudo Realty Corp. v Bryk

2026 NY Slip Op 50530(U)

April 15, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through April 21, 2026; it will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Summary Proceedings—Sua Sponte Dismissal of Nonpayment Proceeding

Pejudo Realty Corporation, Petitioner-Landlord-Appellant,

v

Danny Bryk and Megan Ann Shields, Respondents-Tenants-Respondents, and "John Doe," "Jane Doe," and "R. Doe, Inc.," Respondents-Undertenants.

Supreme Court, Appellate Term, First Department

Decided on April 15, 2026

570303/26

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Petitioner-landlord appeals from: 1) an order of the Civil Court of the City of New York, New York County (Eleanora Ofshtein, J.), dated August 7, 2025, which denied its motions for, among other things, summary judgment and use and occupancy; and 2) an order of the same court (Frances A. Ortiz, J.), dated October 7, 2025, which sua sponte dismissed the petition in a nonpayment summary proceeding.

[*1]

Per Curiam.

Order (Frances A. Ortiz, J.), dated October 7, 2025, reversed, without costs, petition reinstated, and matter remanded for further proceedings. Appeal from order (Eleanora Ofshtein, J.), dated August 7, 2025, dismissed, without costs, as abandoned.

The sua sponte dismissal of the holdover petition is not appealable as of right (see CCA 1702 [a] [2]). However, given the extraordinary nature of dismissal relief, we deem the notice of appeal from that portion of the order to be a motion for leave to appeal, and grant such leave (see CCA 1702 [c]; Ray v Chen, 148 AD3d 568 [2017]).

The power of a court to dismiss an action or proceeding sua sponte "should be used sparingly and only in extraordinary circumstances" (Ray v Chen, 148 AD3d at 569 [internal quotation marks and citation omitted]). Here, no extraordinary circumstances justified the sua sponte dismissal of the nonpayment petition brought against respondents, who failed to appear on the pretrial conference date, the day the order was issued, and who had not sought dismissal. Nor was petitioner given any notice or an opportunity to be heard regarding the alleged defects in the petition that the court relied upon in its dismissal order (see Frank M. Flower & Sons, Inc. v [*2]North Oyster Bay Baymen's Assn., Inc., 150 AD3d 965, 966 [2017] ["[t]he parties had no opportunity to address the issue . . ., and this lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process"][internal quotation marks and citation omitted]). In reinstating the petition, we express no view as to the ultimate outcome on the merits.

The appeal from the order entered August 7, 2025, is deemed abandoned since landlord failed to address any issue concerning the order in its appellate brief (see Hardwick v Auriemma, 116 AD3d 465, 468 [2014], lv denied 23 NY3d 908 [2014]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 15, 2026